[Civ. No. 463.   Third Appellate District.—March 27, 1908.]

## MRS. W. P. SCOTT, Petitioner, v. PETER J. SHIELDS, Judge of Superior Court of Sacramento County, Respondent.

MANDAMUS TO SUPERIOR JUDGE—DUTY TO COMPEL DEPOSITION OF RESIDENT WITNESS—USE IN ANOTHER COUNTY.—A superior judge who has, upon request of the plaintiff in an action pending in another county, ordered the clerk to issue a subpoena to compel the attendance of a resident witness before a notary public for the taking of his deposition, to be used in such action, if the witness refuses to answer, has no discretion to refuse to compel the witness to answer and to complete his deposition; and *mandamus* will lie to compel the judge to perform the duty imposed upon him by the law in that respect.

ID.—CONSTRUCTION OF CODE AS TO SUBPOENAS FOR WITNESS.—Under subdivision 3 of section 1986 of the Code of Civil Procedure, as amended in 1907, it is proper for the judge of the superior court to order the issuance of a subpoena by the clerk to require the attendance of a witness before an officer authorized to take a deposition, which includes a notary public, and the provision for such action of the judge being the later provision in order must prevail over a prior provision in the same section authorizing an officer entitled to administer oaths to issue a subpoena, under the rule of construction declared in section 1484 of the Political Code.

ID.—ATTENDANCE BY WITNESS UNDER CLERK'S SUBPOENA—WAIVER OF OBJECTION.—Where the witness attended before the notary under the clerk's subpoena issued under the order of the judge of the superior court, he cannot be heard to object that the subpoena was not issued by the notary.

ID.—REPORT OF NOTARY TO JUDGE—DUTY OF JUDGE.—Where the witness refused to answer the questions asked before the notary in the matter of the deposition, it was proper for the notary to report the matter to the superior court, and it was the clear duty of the judge thereof to consider such report, and if the questions were proper, to

compel the witness to answer them, and to punish him for contempt in case of refusal.

ID.—EFFECT OF ORDER DISMISSING PROCEEDINGS—REFUSAL TO PERFORM DUTY—MANDAMUS.—The judge improperly dismissed the proceedings for want of jurisdiction; and the order dismissing the same had the effect of a refusal to perform his official duty, and to subject him to the peremptory writ of mandate to compel such performance, and to order the witness to answer the questions asked, and to complete the deposition.

PETITION for writ of mandate to the Judge of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

James D. Meredith, and J. B. Landis, for Petitioner.

L. L. Chamberlan, and Fred P. Tuttle, for Respondent.

BURNETT, J.—This is an original proceeding for a writ of mandate to compel the respondent to require a certain witness, one George E. Lamphrey, to answer questions and complete his deposition sought to be taken in an action pending in the superior court of Placer county wherein petitioner is plaintiff and Fred S. Stevens, as executor of the estate of Adolph J. Weber, deceased, is defendant.  By the petition it appears that the proper affidavit was filed and notice given that the deposition would be taken before H. B. Bradford, a notary public of Sacramento.   Upon application of petitioner respondent made an order directing the county clerk of the county of Sacramento to issue a subpoena directed to and commanding the said witness to appear and testify at the time and place mentioned in the said notice.   The subpoena was issued and served and the witness appeared; he was sworn and answered certain questions, and then he refused to answer any further upon the ground that his residence in the future would be in Placer county and that he would be ready and willing to testify as a witness at the trial.   The facts were reported by the notary to respondent, who, upon the hearing of the same, dismissed the proceedings and report and refused to direct the said witness to answer said proposed questions, on the sole ground that he, as judge of the superior

court of Sacramento county, had no jurisdiction to make an order requiring the said witness to complete his deposition.

Upon application of petitioner an alternative writ was issued out of this court, and in response to the order to show cause a demurrer and an answer were filed. The demurrer is a general one and the answer denies upon information and belief only one allegation of the petition, which refers to the residence of the witness, averring that for more than three weeks last past he has been and is now a resident of the county of Placer. There is also the additional allegation that similar proceedings have been taken before the superior court of said Placer county and that the report of said notary has been set for hearing there with a view of having that court compel the witness to answer questions or be punished for contempt in case of his refusal to do so. Besides, an amendment to the answer sets out the order of the court dismissing the proceedings.

By the averments of an affidavit the case was brought within the provision of subdivision 2 of section 2021 of the Code of Civil Procedure. The witness also admitted that at the time his deposition was being taken he was a resident of Sacramento city. The regularity of the proceedings, indeed, is not questioned except that it is claimed the subpoena requiring the attendance of the witness should have been issued by the notary before whom the witness was to appear rather than by the clerk of the superior court under the direction of the judge thereof.

The contention involves the construction of the following portion of section 1986 of the Code of Civil Procedure, as amended by the Statutes of 1907, page 730: "A subpoena is issued as follows: 3. To require attendance out of court, in cases not provided for in subdivision 1, before a judge, justice, or other officer authorized to administer oaths or take testimony in any matter under the laws of the state, it is issued by the judge, justice or other officer before whom the attendance is required. If the subpoena is issued to require the attendance before a court or at the trial of an issue therein, it is issued by the clerk, as of course, upon the application of the party desiring it. If it issued to require attendance before a commissioner or other officer upon the taking of a deposition, it must be issued by the clerk of the Superior Court of the county wherein the attendance is required upon

the order of such court or of a judge thereof, which order may be made *ex parte.*" This "other officer" clearly means anyone "authorized to administer oaths or take testimony in any matter under the laws of this state." A notary public is such an officer (Pol. Code, sec. 794). In the case at bar, therefore, since the subpoena required the attendance of a witness residing in Sacramento before a notary public of Sacramento county at his office in Sacramento city, under the aforesaid provision of the statute, it was proper for the judge of the superior court of Sacramento county to make the order for the issuance of said subpoena and for the clerk of said court to issue it. But it is said that the provision is in conflict with the preceding clause of said subdivision 3, which exacts of the notary the duty of issuing the subpoena. Even so, the latter provision would prevail over the former under the well-settled rule of construction embodied in section 4484 of the Political Code, as follows: "If conflicting provisions are found in different sections of the same chapter or article, the provisions of the sections last in numerical order must prevail, unless such construction is inconsistent with the meaning of such chapter or article." (*Hall* v. *Kerrigan,* 135 Cal. 7, [66 Pac. 868] ; 26 Am. & Eng. Ency. of Law, pp. 619, 734.)

Another answer to the contention of respondent obviously is that the witness recognized the validity of the subpoena, attended at the time and place appointed, was sworn and submitted himself to examination as a witness without objection and he thereby waived any defect or irregularity in the issuance of said subpoena. A subpoena "is the process by which the attendance of a witness is required. It is a writ or order directed to a person and requiring his attendance at a particular time and place to testify as a witness." (Code Civ. Proc., sec. 1985.) The subpoena in the present instance was regular on its face, was issued out of a court of general jurisdiction and it accomplished its purpose in producing the attendance of the witness; and conceding that the witness could have refused to be sworn or answer questions on the ground that he was present without authority of law, it should not require citation of authorities to maintain the position that he cannot now for the first time make the said objection to justify the action of respondent in declining to direct him to complete his deposition.

That brings us to a consideration of the question, What procedure is to be taken to compel the witness to answer? Section 1991 of the Code of Civil Procedure, as amended in 1907, provides for the course to be pursued as follows: "Any judge, justice, or other officer mentioned in subdivision three of section nineteen hundred and eighty-six, may report any such disobedience or refusal (to answer questions), to the superior court of the county in which such attendance was required; and such court thereupon has power, upon notice, to order the witness to perform the omitted act, and any refusal or neglect to comply with such order may be punished as a contempt of such court." It was proper, therefore, for the notary to report to the superior court of Sacramento county and as no question is presented as to the regularity of the proceedings before said court, it was clearly the duty of respondent to consider the said report and determine whether the questions were proper, and, if so, to direct the witness to answer, and, in case of his refusal, to employ the punitive power of the court to compel obedience.

The judge of the court had no discretion to refuse to exercise the powers with which the law invested him so far as necessary to secure the petitioner the right which the law confers upon her to take the deposition of the witness. (*Crocker* v. *Conrey*, 140 Cal. 218, [73 Pac. 1006]. See, also, *Burns* v. *Superior Court*, 140 Cal. 1, [73 Pac. 597].)

But the judge of the court, according to the allegations of the petition, did refuse to exercise his powers to compel the witness to testify, and the question arises whether petitioner has sought the proper remedy to secure the right to which she is clearly entitled.

Section 1085 of the Code of Civil Procedure provides that the writ of mandate "may be issued by any court except a justice's or police court to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station," and section 1086, expresses the legislative command that the "writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

We have already seen that it was the duty, resulting from his office, of respondent to compel the performance of the act, and it is apparent that there is no other plain, speedy and

adequate remedy in the ordinary course of law. It is said in *Crocker* v. *Conrey,* 140 Cal. 218, [73 Pac. 1006] : "Mandamus is the proper remedy. There is no other adequate remedy, and where he has no discretion to refuse to act a judicial officer is as much subject to the mandate of a higher court as any other officer."

We pass now from this somewhat general consideration to the specific objections to the issuance of the writ suggested by respondent and based upon the allegations of the answer.

If we are right in holding that it was the duty of respondent to require the witness to answer, then it is obvious that the averment as to the pendency of the proceeding for contempt before the superior court of Placer county must be disregarded as involving a matter not within the jurisdiction of said court.

It is equally clear that the question of the residence of the witness cannot be considered in the first instance by this court. If the issue had been presented to respondent and adjudicated adversely to petitioner's contention, this might be urged as a reason why the writ should not be made peremptory, although as to that we express no opinion, as it is not necessary to this decision. But it is plain that only those facts must be regarded here that existed at the time of the application to respondent and which were presented to him. A fact existing then and not put in issue and not tried cannot be urged afterward as a justification for the court's refusal to perform a plain duty as it appears from the record that was presented at the time the motion was made.

The only other question worthy of serious attention involves the determination of the nature and effect of the order or judgment set out in the amended answer as follows: "The motion of plaintiff in the above-entitled action or proceeding for an order of this Court directing and commanding the witness George E. Lamphrey to answer the questions propounded to him upon the taking of his deposition before H. B. Bradford, a Notary Public in and for the County of Sacramento, State of California, and that if said witness refuses to answer the questions that he may be adjudged guilty of contempt and punished according to law, having been heretofore argued by counsel for the respective parties, submitted to and by the Court taken under advisement, now on this ―― day

in open court appeared the respective counsel and the Court renders its decision as follows: It is ordered that said proceeding be and the same is hereby dismissed.''

· It is claimed that the dismissal of the proceedings divested the court of jurisdiction, and therefore the writ of mandate is not appropriate, since it presupposes not only the duty but necessarily the legal power to require the witness to answer the questions. But this is a mistaken view of the situation. The effect of the order dismissing the proceeding is the same as the refusal of the court to hear and determine the application. When under the law it is clearly the duty of the court to proceed to the consideration of a motion upon its merits, it cannot relieve itself of this duty nor divest itself of jurisdiction by an arbitrary dismissal of the proceedings. Such an easy and convenient method of rendering ineffective the statute providing for the issuance of the writ of mandate is not to be countenanced.

In *Heinlen* v. *Cross*, 63 Cal. 44, the proceeding was dismissed on the ground that the process of contempt was a proceeding in the action, and that by the appeal from the judgment in said action all proceedings under said judgment had been stayed. The supreme court said: ''Had the action of the court below been in the exercise of a judicial discretion, of course *mandamus* would not lie to compel the court to proceed in the matter. But it is perfectly manifest that the action of the court in dismissing the proceeding was based on a supposed want of power occasioned by the appeal and the incidental stay of proceedings wrought by the execution of the undertaking on appeal. If the injunction was not suspended by virtue of the appeal, it was the duty of the court to have inquired into the facts, and to have brought its judgment to bear upon them. (*Merced Mining Co.* v. *Fremont*, 7 Cal. 130.)'' It was held that the appeal did not suspend the injunction and the peremptory writ of mandate was issued.

In *Temple* v. *Superior Court*, 70 Cal. 211, [11 Pac. 699], it is said: ''This is an application for a writ of mandate to compel the Superior Court of Los Angeles County, Judge W. A. Cheney presiding, to hear a charge of contempt of court made against one B. Newman, which that court refused to hear and has dismissed on the ground of want of jurisdiction. We have examined the record and are of opinion that the matter is within the jurisdiction of the court. The facts stated bring

the case clearly within section 1210 of the Code of Civil Procedure, and under such circumstances the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction and evade the duty of hearing and determining it.''

But it is contended that the court acted upon and determined the matter submitted to it, and however erroneous its determination, it is not subject to review in this proceeding. In support of this position *People* v. *Weston*, 28 Cal. 640, and *Francisco* v. *Manhattan Ins. Co.*, 36 Cal. 286, are cited.

In the former case the county court had dismissed an appeal from the justice court and an application was made to the supreme court for a writ of mandate requiring the county judge to proceed and try the cause. It is said: ''But the court had jurisdiction to inquire and determine whether the appeal had been properly taken and was then pending in that court or not, and in determining that question acted judicially. The court did not refuse to act, but acted, and judicially determined that the appeal had not been properly taken and upon this ground dismissed it. Where the act to be done is judicial in its character the writ will not direct in what manner the inferior court shall act, but only direct it to act.''

In the Francisco case it is said: ''In the case now presented, the District Court has acted upon the petition of defendant for removal of the cause; the matter was properly before the court upon the petition and evidence in support thereof, and being satisfied therefrom of the existence of the requisite facts entitling defendant to the order prayed for, the same was granted by the court, and a removal of the cause ordered; and this Court by mandamus cannot, directly or indirectly, compel a rescission or disregard of this order.''

It may be conceded that those cases were properly decided upon the record as presented to the supreme court, but there is some language used in the opinions somewhat inaccurate, as pointed out in *Wood* v. *Strother*, 76 Cal. 548, [9 Am. St. Rep. 249, 18 Pac. 766], wherein it is declared: ''It has been repeatedly said that the writ cannot perform the functions of a writ of error; that it cannot issue to revise judicial action, but can only compel the performance of ministerial functions; and that it will issue to compel a tribunal to act in some way, but not in any particular way. These formulas

undoubtedly express a truth, but they express it in an inaccurate and misleading manner; and by reasoning from them as if literally and in all cases true, courts have sometimes been led into error, and have frequently been forced to call acts 'ministerial' which are plainly not so. An examination of the authorities will demonstrate the inaccuracy of the above phrases." After reviewing numerous authorities the court proceeds: "In view of the foregoing cases, it seems a mere perversion of language to say that the writ will never issue to control judicial action or to compel a tribunal to act in a certain way. . . . In every case the tribunal that is to act must determine in the first instance whether the case is a proper one for its action. And in our opinion the true tests are whether its determination is intended by law to be final; and if not, whether there is any other plain, speedy and adequate remedy. . . . But if the determination was not intended to be final and there is no other adequate remedy the writ must issue." The determination in the case at bar is contained in an order (Code Civ. Proc., sec. 1003), virtually denying the motion; it is not a judgment (Code Civ. Proc., sec. 577); and there is no appeal. (Code Civ. Proc., sec. 963.) Hence it must be clear that it was not intended to be final and there is no other remedy at all.

That the court did not proceed to determine the vital consideration whether the questions propounded to the witness should be answered is manifest. There was no conflicting evidence, no issue of fact was presented to the court and the proceeding was dismissed solely upon the ground that the facts disclosed by the application showed that the court had no jurisdiction. Such is the allegation of the petition here; it is not denied by the answer and there is nothing in the order to indicate the contrary.

It is claimed that said order shows that the application was considered and determined, but the language of the order leaves no doubt that the thing considered was "the motion of plaintiff" and the argument of counsel. Such consideration cannot be effective to prevent the issuance of the writ of mandate if the court to which application is made is of the opinion that the duty of the lower court to grant the motion is clear and that there is no other adequate remedy. The contention of respondent's counsel if carried to its logical conclusion would lead to the denial of any application

for the writ where the action of an inferior court is involved. It was the plain duty of respondent upon the facts presented, not only to consider the motion and argument, but to grant said motion and compel the witness to complete the deposition.

For the foregoing reasons it is ordered that the peremptory writ issue.

Chipman, P. J., and Hart, J., concurred.