[Civ. No. 2073.    First Appellate District.—February 21, 1917.]

E. H. MERRILL, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

DEPOSITIONS—SUBPOENA — ATTENDANCE BEFORE COMMISSIONER—JURIS-DICTION.—Under the provisions of subdivision 3 of section 1986 of the Code of Civil Procedure, a subpoena issued by the clerk of the superior court upon the order of the court or a judge thereof, requiring the attendance of a witness before a commissioner or other officer for the purpose of giving his deposition, has the same territorial force and effect as a subpoena issued by the clerk requiring the attendance before the court, and such subpoena may require the attendance of a witness even though he resides outside the county but within the fifty-mile limit.

ID.—DISOBEDIENCE OF SUBPOENA — CONTEMPT — HEARING AND NOTICE ESSENTIAL.—In view of the provisions of section 1991 of the Code of Civil Procedure, the superior court cannot punish a witness for contempt for failure to obey a subpoena commanding him to appear before an officer for the purpose of giving his deposition until a report has been made to the court of such disobedience and a hearing had, and an order made directing the witness to obey the subpoena.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul a judgment adjudging the petitioner guilty of contempt of court for failure to obey a notary public's subpoena.

The facts are stated in the opinion of the court.

R. H. Countryman, for Petitioner.

Joseph K. Hutchinson, and Walter Slack, for Respondents.

KERRIGAN, J.—This is a petition for a writ of review. The facts are briefly as follows: On November 2, 1916, there was filed in respondent court the affidavit of Joseph K. Hutchinson, one of the attorneys for the plaintiff in the action of *California Trona Co.* v. *Harry E. Lee et al.,* pending in the superior court of the state of California in and for the county of San Bernardino, showing that summons had issued therein and had been duly served on all the defendants therein; that

petitioner E. H. Merrill (one of the defendants) was a necessary and material witness for plaintiff, and that said witness resided out of the county of San Bernardino and more than fifty miles distant from the place of trial of said action, and in the county of Alameda. Upon the filing of this affidavit an order was made directing subpoena to issue, and the clerk of respondent issued a subpoena as directed, requiring the attendance of petitioner before H. B. Denson, a notary public, on November 9, 1916, at his office in San Francisco. The subpoena was duly served on petitioner and a witness fee of $2.50 paid him, on November 3, 1916. Petitioner failed to appear at the time specified in the subpoena, or at all. This fact was made to appear to respondent by the certificate of the notary and the affidavit of Joseph K. Hutchinson. From the latter it appeared that petitioner resided within fifty miles of the place where said deposition was noticed for taking. On November 16, 1916, respondent made an order directing the sheriff to attach the petitioner and have him in court on November 29, 1916, to show cause why he should not be punished for contempt for disobeying said subpoena. This order, together with copies of the notary's certificate, affidavit of Joseph K. Hutchinson, and other papers relating to the matter, were served on petitioner on November 16, 1916. On November 29, 1916, petitioner appeared in court with counsel, and after argument respondent made an order, on December 5, 1916, finding and adjudging petitioner guilty of contempt. Judgment on this order was duly entered and recorded on December 6, 1916, and petitioner by this proceeding seeks to have it reviewed and annulled.

But two of the points discussed by petitioner in his brief require detailed notice. It is unquestioned that under the provisions of the second paragraph of subdivision 3 of section 1986 of the Code of Civil Procedure, an order to take the deposition of a witness may be made by the superior court of a county other than that in which the action is pending. But the petitioner does question the power of that court to compel the attendance of a witness before an officer for the purpose of taking his deposition, when such witness resides outside of the county in which that court is situated, even though his place of residence be within fifty miles from the place where the deposition is noticed to be taken. In other words, the petitioner contends that since the action was pend-

ing in the superior court of San Bernardino, the superior court of the city and county of San Francisco had no jurisdiction to require the petitioner, a resident of the county of Alameda, to appear in San Francisco for the purpose of there giving his deposition.

When a subpoena is issued to require the attendance of a witness before the superior court, or at the trial of an issue therein, the subpoena is issued by the clerk of the court as a matter of course, upon the application of the party desiring it.    If it is issued to require attendance before a commissioner or other officer for the taking of a deposition, it must be issued by the clerk of the superior court of the county wherein the attendance is required upon an order of such court or of a judge thereof.    (Code Civ. Proc., sec. 1986.)    We can see no good reason why a subpoena issued by the clerk, upon the order of the superior court or a judge thereof, requiring the attendance of a witness before a commissioner or other officer for the purpose of giving his deposition, has not the same territorial force and effect as a subpoena issued by the clerk requiring the attendance before the court, or at the trial of an issue therein; and accordingly we hold that such a subpoena may require the attendance of a witness for the purpose indicated, even though he resides outside of the county in which it is issued but within the fifty-mile limit.

The remaining objection involves the question of whether or not it was the duty of the superior court, after a hearing upon the report of the officer of the disobedience of the witness, to make an order requiring the petitioner to obey the subpoena before finding him guilty of contempt of court—the solution of which question depends upon the construction and application of provisions of section 1991 of the Code of Civil Procedure.    That section reads:

"Disobedience to a subpoena, or a refusal to be sworn, or to answer as a witness, or to subscribe an affidavit or deposition when required, may be punished as a contempt by the court issuing the subpoena.    When the subpoena, in any such case, requires the attendance of the witness before an officer or commissioner out of court, it is the duty of such officer or commissioner to report any such disobedience or refusal to the court issuing the subpoena; and the witness must not be punished for any refusal to answer a question or to subscribe an affidavit or deposition, unless, after a hearing upon

notice, the court orders him to so answer or subscribe and then only for disobedience to such order. Any judge, justice, or other officer mentioned in subdivision 3 of section 1986, may report any such disobedience or refusal to the superior court of the county in which such attendance was required; and such court thereupon has power, upon notice, to order the witness to perform the omitted act, and any refusal or neglect to comply with such order may be punished as a contempt of such court.''

It is the contention of the petitioner that before the superior court may punish a witness for contempt of court for failure to obey a subpoena commanding him to appear before an officer for the purpose of giving his deposition, there must be a report to the court of such disobedience, and after a hearing thereon a direction to the witness by the court to obey the subpoena.

Counsel for the respondent, on the other hand, contends that such is the method designated by section 1991, only when the witness refuses to anwer a question or to subscribe an affidavit or deposition; but that where he refuses to be sworn or disobeys the subpoena, he is defying a direct and lawful order of the court, and that upon the establishment of either of these facts he may be punished as for a contempt of court by reason of such disobedience without the court making a further order that he perform the act in question.

A better reason may be conceived in the case of a refusal to answer a question or to subscribe an affidavit or deposition, for the requirement that the court, after a hearing upon the report of the officer concerning such refusal, should order the witness to perform the omitted act before punishing him for a contempt of court, than in the case of a failure to obey the subpoena. In the former case the question may be an improper one and the witness justified in declining to answer it; and until the contrary has been determined by the court, (the officer taking the deposition having no such authority), there has been no disobedience of a lawful command. But in the other case, the subpoena being lawfully issued, a refusal to obey it is a direct disobedience of the command of the court, and hence there would appear to be no logical necessity for the court to specially order the witness to appear before the officer as enjoined by the subpoena; nevertheless the law-making power in enacting the section above

quoted may have deemed it advisable to provide that before a witness should be punished for disobeying a subpoena commanding him to appear before an officer and give his deposition, there should be an investigation by the court as to the sufficiency of the original showing made *ex parte* for the order for the deposition, and of the good faith of the witness in refusing to obey the subpoena. However that may be, it seems to us that the language of the section makes no distinction between a refusal to answer questions or subscribe an affidavit or deposition and a refusal to obey a subpoena or to be sworn. In each instance the refusal must be reported to the court, and, following the language of the section, upon the report of the "disobedience or refusal" to the superior court, the court has power upon notice "to order the witness to perform the omitted act, and any refusal or neglect to comply with such order may be punished as a contempt of such court."

In the present case the record discloses that there was no order by the court to the petitioner upon notice "to perform the omitted act." The judgment of the respondent, therefore, finding him guilty of contempt of court in the premises was beyond its jurisdiction.

The judgment is annulled.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1917.