[S. F. No. 11560.   In Bank.—November 3, 1925.]

BEN POLLAK et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF NAPA et al., Respondents.

[1] DEPOSITIONS—ATTENDANCE IN ANOTHER COUNTY—ORDER FOR SUBPOENA — JURISDICTION — TERRITORIAL LIMITATION. — Under section 2021, and subdivision 3 of section 1986 of the Code of Civil Procedure, the superior court of the county where the deposition of a defendant is desired to be taken or a judge thereof, upon the application of the plaintiff, has jurisdiction to order the clerk of said court to issue a subpoena requiring the attendance of said defendant as a witness before a notary public in said county, notwithstanding the action is pending in the county of the residence of said defendant, or in some other county; and the only limitation placed upon the territorial force and effect of such a subpoena is that found in section 1989 of said code, which provides that a witness is not obliged to attend "out of the county in which he resides, unless the distance be less than fifty miles from his place of residence."

[2] ID.—STATUTORY PROCEDURE—LIBERAL CONSTRUCTION.—The authority to take depositions in all cases, and the manner in which they shall be taken, is controlled by statute; and, by virtue of section 4 of the Code of Civil Procedure, the statutory provisions for the taking of depositions are to be liberally construed with a view to effect the statutory objects and to promote justice.

[3] ID.—JUSTICE'S COURT ACTIONS.—The power granted a superior court, or a judge thereof, under subdivision 3 of section 1986 of the Code of Civil Procedure, may be exercised when the deposition sought to be taken is to be used in an action pending in a justice's court.

(1) 18 C. J., p. 677, n. 92.   (2) 18 C. J., p. 607, n. 36.   (3) 18 C. J., p. 677, n. 92.

PROCEEDING in Certiorari to review an order of the Superior Court of Napa County and Percy S. King, Judge thereof, directing the issuance of subpoenas to take depositions.   Writ discharged and order affirmed.

The facts are stated in the opinion of the court.

1.  See 9 Cal. Jur. 412.
2.  See 9 Cal. Jur. 399.

E. L. Webber and Harry E. Michael for Petitioners.

D. L. Beard and L. A. Maynard for Respondents.

KNIGHT, J., *pro tem.*—Petitioners seek by this proceeding in *certiorari* to have annulled an order made by the Superior Court in and for the county of Napa, directing the clerk of that court to issue a subpoena requiring petitioners, who are residents of the city and county of San Francisco, to appear as witnesses and to give their depositions before a notary public in the city of Napa, in an action brought by Keig Shoe Company, Inc., against petitioners, in the justice's court of the city and county of San Francisco.

It appears from the record that said Keig Shoe Company sued petitioners first in the justice's court of Napa township, Napa County, to collect an indebtedness claimed to be due. The summons in that action was quashed on motion of petitioners, but the action was not dismissed. Soon thereafter said company filed another complaint against petitioners, based upon the same cause of action, in the justice's court of the city and county of San Francisco, and after obtaining service of the summons gave notice pursuant to section 2031 of the Code of Civil Procedure that petitioners' depositions would be taken before a notary public in the city of Napa, whose office, petitioners concede, is situated less than fifty miles distant from the respective residences of petitioners. Thereupon said Keig Shoe Company applied for and obtained from the Honorable Percy S. King, Judge of the Superior Court in and for Napa County, an order made pursuant to subdivision 3 of section 1986 of the Code of Civil Procedure, directing the clerk of that court to issue subpoenas requiring the attendance of petitioners as witnesses at the time and place, and before the notary public, specified in said notice. The clerk of said court issued a subpoena accordingly which was afterward served upon petitioners in the city and county of San Francisco. Thereafter petitioners moved said Superior Court to set aside its order directing the issuance of said subpoena, but said motion was denied. This proceeding in *certiorari* was then instituted by petitioners for the purpose of having said order annulled.

[1] Petitioners contend that inasmuch as they were residents of the city and county of San Francisco wherein the action was pending, and therefore available as witnesses therein to testify either at the trial of said action or before an officer upon taking of depositions, said Superior Court of Napa County was without jurisdiction to require them to appear as witnesses before a notary public in Napa County, even though the distance from their respective residences to the place where said depositions were to be taken was less than fifty miles. The question presented, therefore, is the jurisdictional one of whether or not it was within the power of said Superior Court of Napa County, under the circumstances hereinabove set forth, to make said order directing the issuance of said subpoenas.

That portion of subdivision 3 of said section 1986 which forms the basis for the granting of the order herein complained of declares that a subpoena issued in accordance therewith requiring the attendance of a witness before an officer upon the taking of a deposition "must be issued by the clerk of the superior court of the county wherein the attendance is required upon the order of such court or of a judge thereof, which order may be issued *ex parte.*" In the case of *Scott* v. *Shields,* 8 Cal. App. 12 [96 Pac. 385], in dealing with an apparent conflict which arose between certain provisions of said section 1986, as a result of an amendment added thereto in 1907 (Stats. 1907, p. 730), it was held to be proper for a judge of a superior court, upon the request of a plaintiff in an action pending in another county, to grant an order directing the clerk to issue a subpoena requiring a witness to attend before a notary public for the taking of the deposition of said witness to be used in said action, and that if the witness refused to answer, it was mandatory upon said judge, under whose direction the subpoena issued, to compel said witness to answer and to complete his deposition.

The only limitation placed upon the territorial force and effect of a subpoena issued out of a court of record is found in section 1989 of said code, which reads as follows: "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than fifty miles from his place of residence to the place of trial," and in the

case of *Merrill* v. *Superior Court,* 33 Cal. App. 55 [164 Pac. 340], it was expressly held that a subpoena issued by the clerk of the superior court, pursuant to the provisions of said subdivision 3 of said section 1986, as amended in 1907, had the same territorial force and effect as a subpoena issued by the clerk requiring the attendance before the court, and "may require the attendance of a witness even though he resides outside the county but within the fifty-mile limit."

Assuming, therefore, that said Keig Shoe Company, as the plaintiff in said justice's court action, has the authority to take the depositions of petitioners as the defendants in the action, in the city of Napa, it is apparent, in view of the law as interpreted in the two cases above cited, that the judge of the Superior Court of Napa County was authorized by said subdivision 3 of section 1986 of said code to grant the order for said subpoena, and that the subpoena issued pursuant to said order carried sufficient territorial force and effect to require the attendance of petitioners as witnesses outside of the county in which they resided, the distance being less than fifty miles from the place of their respective residences to the place where they were required to attend. But the instant case differs in its facts from the case of *Merrill* v. *Superior Court, supra,* in this: There it was legally impossible to obtain the attendance of the witness at the trial of the action, owing to the fact that the action was pending in the superior court of San Bernardino County and the witness resided in the county of Alameda, a distance much farther than fifty miles from the place of trial; consequently, under an order made pursuant to said subdivision 3 of section 1986 of said code, by the superior court of the city and county of San Francisco, plaintiff sought to take the deposition of said witness before a notary public in the city and county of San Francisco, which was outside of the county in which the witness resided but within a distance of fifty miles of his residence. The proceeding was sustained. In the case at bar the witnesses whose testimony is sought to be taken in Napa County reside in San Francisco, at the very place of trial, and are available therein as witnesses at any time. In view of that situation the question arises as to whether or not a party to an action may, in any event, require the attendance of a witness outside of the county in which he resides and wherein the action

is pending, for the purpose of giving a deposition, even though the place where such witness is required to attend be less than fifty miles from his place of residence.

[2] In regard to this latter question it may be stated generally that the authority to take depositions in all cases, and the manner in which they shall be taken, is controlled by statute (*Burns* v. *Superior Court*, 140 Cal. 1 [73 Pac. 597]). While it was formerly held that the statute granting the right to take depositions, being a mere privilege conferred by statute in derogation of the common law, must be strictly pursued, such rule is now without force in this state, by virtue of section 4 of the Code of Civil Procedure,. which distinctly declares that the rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the code, and that its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice (*Bollinger* v. *Bollinger*, 153 Cal. 190 [94 Pac. 770]).

Subdivision 1 of section 2021 of said code, under the authority of which the depositions herein are sought to be taken, provides: "The testimony of a witness in this state may be taken by deposition in an action at any time after the service of the summons or the appearance of the defendant, and in a special proceeding after a question of fact has arisen therein, in the following cases: 1. When a witness is a party to the action or proceeding or an officer or member of a corporation which is a party to the action or proceeding, or a person for whose immediate benefit the action or proceeding is prosecuted or defended . . . " It will be observed that neither in the subdivision last above quoted, nor in the remainder of the code section of which it is made a part, nor elsewhere in the law, is there any clause circumscribing the territorial limits within which, or any provision specifying the county wherein, depositions shall be taken, except those set forth in said section 1989 of said code which have already been adverted to. Therefore, in view of the broad language of said section 2021 of said code, it would seem that authority is granted to take depositions in any county, irrespective of the place where the witness resides or the place wherein the action is pending, provided only the distance between the place of residence of said witness and the place where his deposition

shall be taken be less than fifty miles. The witnesses in the proceeding before us reside at the immediate place of trial, and therefore are brought clearly within the fifty-mile exception noted in said section 1989, and hence are obliged to attend as witnesses outside the county in which they reside.

Petitioners have intimated that if no restrictions, other than those contained in said section 1989, be placed upon the scope of said section 2021, in regard to the county wherein depositions shall be taken, the provisions of the latter section will likely be abused because, as the matter now stands, a party to an action may, under the guise of taking a deposition, harass and inconvenience the other party to the action (or, for that matter, any witness whose status is alleged to come within the provisions of said section 2021) by compelling him to attend as a witness outside of the county in which he resides, even though it be the same county wherein the action is pending, provided only it be within the fifty-mile limit of the residence of said witness. But on the other hand, bearing in mind the established policy of the law permitting litigating parties the fullest opportunity to produce evidence in support of the truth of the matter at issue, it may be argued in favor of the present status of the law that it allows oral examination of a witness in a county other than in the one in which he resides, when such examination becomes necessary in connection with either public or private records or. files which cannot be produced conveniently or perhaps at all in the county in which the witness resides but which are available within a distance of fifty miles of his residence; or, in case of territorial remoteness of residence of a witness which makes it impossible or extremely inconvenient to obtain his deposition in the county in which he resides, it permits his deposition to be taken outside of the county of his residence if the distance be within fifty miles of his residence. However that may be, if any evils do flow from the present state of the law a legislative problem is presented, the remedy for the correction of which cannot be judicially supplied. The question of the good faith of the application herein to take the depositions also involves a matter that cannot be considered by this court in this proceeding. As already pointed out, said Keig Shoe Company,

in attempting to take the depositions in Napa County, was proceeding within the scope of the statute and it was therefore within the power of the Napa County court to grant the order for the issuance of the subpoena.

[3] Finally, it is contended by petitioners that the power granted a superior court, or the judge thereof, under said subdivision 3 of said section 1986, may be exercised only when the depositions sought to be taken are to be used in an action pending in the superior court. We find no merit in the point. The language of said subdivision sufficiently answers the contention made. It is general in its terms, contains no limitations whatever, and makes no distinction as to the nature of the actions or as to the courts in which the depositions shall be used; furthermore, said subdivision 3 is made part of a code section which expressly applies to the production of evidence before all courts. It will also be noted that in dealing with the subject of production of evidence, the code does not attempt to prescribe separate means or manner of production of evidence for courts of different or inferior jurisdictions; the matter is treated in one subject and is embodied in the same chapters of the code (Chapters I and II, title 3, part 4, Code Civ. Proc.), except that section 919 of said code limits the territorial effect of a subpoena issued by a justice of the peace "to any part of the county"; and in regard to the latter section, in view of the limitation placed therein upon the territorial effect of such a subpoena, it is plain to be seen that if it be held that subdivision 3 of said code section 1986, upon which the order herein is predicated, is not available for the purpose of producing evidence in actions commenced or pending in the justice's court, parties to such actions will be wholly deprived of all legal means of producing evidence which may be found beyond the territorial limits of the county in which said justice's court is situated. We are satisfied that such condition was not contemplated or intended by the law.

The writ is discharged and the order is affirmed.

Richards, J., Waste, J., Lawlor, J., Seawell, J., Lennon, J., and Myers C. J., concurred.