[Civ. No. 17517.   Second Dist., Div. Three.   Feb. 17, 1950.]

CARNATION COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MRS. ANDREW L. HARWELL, as Guardian, etc., et al., Real Parties in Interest.

James V. Brewer for Petitioner.

Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.

Vince Monroe Townsend, Jr., for Real Parties in Interest.

SHINN, P. J.—An alternative writ of mandate was issued in this proceeding requiring the superior court to annul its order quashing a subpoena for the taking of the deposition of a witness or to show cause why it had not done so. It appears from the answer to the alternative writ that the order has not been annulled. The real parties in interest, being plaintiffs in an action pending in the superior court, assert the validity of the order quashing the subpoena. The question for decision is whether Carnation Company, the petitioner herein, had a right to take the deposition of one, Dr. R. F. Harwell, under the circumstances hereinafter related.

Donald Harwell and Ronald Harwell, minors, by their guardian *ad litem*, Mrs. Andrew L. Harwell, brought suit against Carnation Company for the recovery of damages alleged to have been sustained in drinking milk "bottled, pre-

pared, produced and distributed'' by the defendant and which it was alleged contained ''a large quantity of varnish, paint, and/or other foreign substances which is totally detrimental for human consumption.'' The defendant answered denying the material allegations of the complaint, and took the deposition of Mrs. Andrew L. Harwell, mother of the minors and their guardian *ad litem*. From the deposition it appeared that the minors are twins 3 years of age; that the children were taken ill; Dr. Harwell was called in, examined them, administered treatment, and continued to treat them for a considerable period of time. Included in the prayer for damages in the complaint was a demand for $500 for medical expenses of the plaintiffs. Defendant caused to be filed an affidavit for an order requiring Dr. Harwell to give his deposition and requiring him to produce X-rays of the patients and his records with respect to his findings, diagnosis and prognosis and of the calls made by him at the home of the patients and other calls at his office. A subpoena in due form was issued and proper notice was given plaintiffs' attorney. Plaintiffs then gave notice of a motion to quash the subpoena and all proceedings for the taking of Dr. Harwell's deposition specifying as grounds for the motion ''that the doctor was not a party to this action and upon the further ground that he will be available for testimony at the time of the trial of the cause herein.'' An affidavit of Dr. Harwell was filed stating that the giving of his deposition would result in ''gross inconvenience to him'' and that he would be ''damaged irreparably'' if required to leave his work to give his deposition. The affidavit further stated that he would be present at the time of the trial and that he had already given to the defendant a report of his medical findings and a special laboratory report ''of the materials alleged to have damaged the plaintiffs.'' A reply affidavit was filed on behalf of the defendant which set forth specifically particulars with respect to facts allegedly within the knowledge of Dr. Harwell which could not be established by any other witness. Upon a consideration of the foregoing the court granted the motion to quash the deposition proceeding.

Petitioner relies upon subdivision 6 of section 2021, Code of Civil Procedure, which gives a party a right to take a deposition ''When the witness is the only one who can establish facts or a fact material to the issue; provided, that the deposition of such witness shall not be used if his presence can be procured at the time of the trial of the cause.''

The resistance of the respondents asserts that no facts are known to Dr. Harwell which cannot be established by other witnesses; that Dr. Harwell has furnished petitioner with all the information to which it is entitled and that it is unnecessary to take his deposition inasmuch as he intends to be present at the trial. Underlying the opposition to issuance of the writ is the theory that it is discretionary with the court to permit the taking of a deposition under subdivision 6 of section 2021 if it appears that the witness intends to be present at the trial. All the asserted defenses to the issuance of a writ are without merit. Petitioner has a clear legal right to take the deposition of Dr. Harwell.

■ It requires no argument to establish that Dr. Harwell, as the physician who examined and treated the plaintiffs when they were first taken ill and for several weeks thereafter, is in a position to testify as to matters that are not within the knowledge of any other person. His knowledge as to the symptoms and complaints of the patients, his observations and discoveries during his examination, his methods of treatment and his observations as to reactions to treatment are all peculiarly within his knowledge. The respondents say in their answer that petitioner does not desire in good faith to take the deposition of Dr. Harwell ''but are merely doing so in an attempt to get a record for the purpose of making argument against the doctor as a witness in the trial of this action and for the purpose of attempting to compare argumentatively his medical opinion with that of the medical opinion of the said Dr. Dodge, the employee of the petitioner.'' It is, of course, immaterial what the motives of petitioner are if it has a clear legal right to take Dr. Harwell's deposition. However, we would assume that the objectives attributed to petitioner are among those which moved the Legislature to extend to litigants the right to take depositions under various circumstances. It is not only proper but approved and common practice for parties to take steps for the discovery of evidence they may be required to meet upon trial, and to employ for that purpose the deposition procedure whenever it is available. It is the avowed purpose of plaintiffs to use Dr. Harwell's testimony in an effort to prove that they suffered injury from drinking a deleterious substance produced and sold by petitioner. In a case such as this it must be assumed that the attending physician will be called upon to testify to facts which would be highly important, if not necessary, for medical experts to

consider in the formation of opinions upon that issue. The case therefore falls within subdivision 6 of section 2021.

The statutory right to take depositions may not be withheld or curtailed in the discretion of the court. The cases have consistently so held. "Insofar as the propriety of the use of the writ for this purpose is concerned, it is well settled that there is a clear duty on the trial court to enforce the statutory right to a deposition and compel a witness to testify." (*Brown* v. *Superior Court*, 34 Cal.2d 559 [212 P.2d 878].)

The order in question, if allowed to stand, would have the effect of forcing petitioner to trial without having taken the deposition of Dr. Harwell, and under circumstances which satisfactorily show that petitioner's right to take the deposition is absolute. It is the duty of the trial court to allow the deposition to be taken.

Let the writ issue.

Wood, J., and Vallée, J., concurred.