[S. F. No. 18508. In Bank. Mar. 19, 1952.]

EDWIN D. WEMYSS, Petitioner, v. SUPERIOR COURT OF COUNTY OF ALAMEDA, Respondent; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL NO. 439, Real Party in Interest.

Lafayette J. Smallpage, Carl M. Gould and Harold J. Willis for Petitioner.

James F. Galliano and C. Paul Paduck for Real Party in Interest.

CARTER, J.—An action was commenced in the Superior Court in San Joaquin County by plaintiff against several labor organizations for injunctive and damage relief for picketing by defendants. On the application of one of the defendants, the clerk of the Superior Court of Alameda County issued a subpoena requiring plaintiff, petitioner here, to attend before a notary public in Oakland, Alameda County, to testify by deposition and to produce certain documents. Plaintiff made a motion in the Alameda County Superior Court to quash the subpoena on the ground that the clerk of that court had no authority to issue it, as plaintiff resides in San Joaquin County and the action is pending in the court there. Plaintiff resides within 100 miles of Oakland where the subpoena required attendance. The court granted the motion insofar as the subpoena required the production of documents, but denied it with respect to its order that he appear to testify. Petitioner, by this proceeding in mandamus, seeks to have the court of Alameda County ordered to quash the subpoena in all respects on the same ground advanced in his motion.

There is no appeal from the order of denial and mandamus is the proper remedy. (See *Brown* v. *Superior Court,* 34 Cal.2d 559 [212 P.2d 878]; *Strauss* v. *Superior Court,* 36 Cal.2d 396 [224 P.2d 726]; *Carnation Co.* v. *Superior Court,* 96 Cal.App.2d 138 [214 P.2d 552].)

The question presented requires an interpretation of section 1986 of the Code of Civil Procedure, which reads as follows:

"1. A subpoena is issued as follows: To require attendance before a court, or at the trial of an issue therein, *or upon the taking of a deposition* in an action or proceeding pending therein, it is issued *by the clerk of the court in which the action or proceeding is pending,* under the seal of the court, or if there is no clerk or seal then by a judge or justice of such court;

"2. To require attendance before a commissioner appointed to take testimony by a court of a foreign country, of the United States, or of any other state in the United States, or before any officer or officers empowered by the laws of the United States to take testimony, it may be issued by the clerk of the superior court of the county in which the witness is to be examined, under the seal of such court;

"3. To require attendance out of court, in cases not provided for in subdivision one, before a judge, justice, or other officer

authorized to administer oaths or take testimony in any matter under the laws of this state, it is issued by the judge, justice, or other officer before whom the attendance is required.

"If the subpoena is issued to require attendance before a court, or at the trial of an issue therein, it is issued by the clerk, as of course, upon the application of the party desiring it. If it is issued to require attendance before a commissioner or other officer *upon the taking of a deposition,* it must be issued by the *clerk of the superior court of the county wherein the attendance is required* upon the application of the party desiring it upon proper showing by affidavit to be filed with said clerk." (Italics added.)

Petitioner contends that under the facts presented the only court which may issue the subpoena for a deposition is the clerk of the court in which the action is pending, relying upon the italicized portion of the first subdivision. Defendants rely upon the italicized portion of the last paragraph in the third subdivision, urging that the clerk of the court in the county in which the attendance for the deposition is required must issue the subpoena.

In 1872, when the Code of Civil Procedure was adopted, the first subdivision made no mention of taking a deposition and the process was issued under the seal of the court before which the attendance was required or in which the issue was pending. Subdivision three read substantially the same as the present second subdivision, except that it required that the subpoena be issued by the judge. Subdivision two was substantially like the first paragraph of the present third subdivision, except that no mention was made of excepting cases not provided for in subdivision one. In 1907 (Stats. 1907, p. 730) the section was amended, stating subdivisions one and two and the first paragraph of subdivision three in the same language as is now used. The last paragraph of subdivision three was different in that the last sentence required an order of the court or judge for the issuance of the subpoena. The code commissioner's note on the 1907 amendment recited: "By this amendment and the amendments to § 1991, it is intended to change the rule as to the issuance of subpoenas so as to provide that a subpoena to give testimony by deposition must in all cases be issued by the court in which the deposition is to be used, and to provide an adequate process for the punishment of contempts committed in disobedience to a subpoena." Section 1986 was last amended in 1929 (Stats. 1929, p. 197) to read as it does now, that is, to authorize

the clerk to issue the subpoena without court order, thus changing the last sentence in the second paragraph of subdivision three.

It might appear from a cursory reading of section 1986 that the first italicized portion conflicts with the last italicized part, because in the first it says the clerk of the court in the county where the action is pending issues the process, and in the latter, the clerk of the county where the attendance is required. The commissioner's note on the 1907 amendment seems to indicate that only the clerk of the former court was to have the issuing power.

Factually the same question was before this court in 1925, where we construed the statute as it existed after the 1907 amendment. (*Pollak* v. *Superior Court,* 197 Cal. 389 [240 P. 1006].) As we have seen the later amendment in 1929 did nothing more than eliminate the necessity of a court order before the clerk could issue the process as provided in subdivision three. Hence, the statute was the same as it now is for our purposes. In the Pollak case the action was pending in a justice's court of the City and County of San Francisco. Pursuant to section 2031 of the Code of Civil Procedure plaintiff in the action gave notice that defendants' deposition would be taken before a notary in Napa in Napa County. Defendants resided in San Francisco County, but less than 50 miles from Napa. At that time section 1989 of the Code of Civil Procedure provided that a witness was not obliged to attend as a witness before any court or officer outside the county where he resided, unless the distance was less than 50 miles. Since then the distance has been increased to 100 miles (Stats. 1935, p. 942). Plaintiff, under Code of Civil Procedure, section 1986(3), obtained an order from the Napa County Superior Court to the clerk of that court for the issuance of a subpoena for attendance at the taking of the deposition in Napa. Subpoenas were accordingly issued and defendants, petitioners in this court in the case, sought to have them set aside by the Napa County Superior Court. Relief was denied and they petitioned for certiorari to annul the order of denial in this court. The petition was denied despite petitioners' claim that the Napa County court had no jurisdiction to order the subpoenas, because the action was pending in San Francisco where they resided. The court said: "That portion of subdivision 3 of said section 1986 which forms the basis for the granting of the order herein complained of declares that a subpoena issued in accordance there-

with requiring the attendance of a witness before an officer upon the taking of a deposition 'must be issued by the clerk of the superior court of the county wherein the attendance is required upon the order of such court or of a judge thereof, which order may be issued ex parte.' In the case of *Scott* v. *Shields*, 8 Cal.App. 12 [96 P. 385], in dealing with an apparent conflict which arose between certain provisions of said section 1986, as a result of an amendment added thereto in 1907 (Stats. 1907, p. 730), it was held to be proper for a judge of a superior court, upon the request of a plaintiff in an action pending in another county, to grant an order directing the clerk to issue a subpoena requiring a witness to attend before a notary public for the taking of the deposition of said witness to be used in said action, and that if the witness refused to answer, it was mandatory upon said judge, under whose direction the subpoena issued, to compel said witness to answer and to complete his deposition.

''The only limitation placed upon the territorial force and effect of a subpoena issued out of a court of record is found in section 1989 of said code, which reads as follows : 'A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than fifty miles from his place of residence to the place of trial,' and in the case of *Merrill* v. *Superior Court,* 33 Cal.App. 55 [164 P. 340], it was expressly held that a subpoena issued by the 'clerk of the superior court, pursuant to the provisions of said subdivision 3 of said section 1986, as amended in 1907, had the same territorial force and effect as a subpoena issued by the clerk requiring the attendance before the court, and 'may require the attendance of a witness even though he resides outside the county but within the fifty-mile limit.'

''. . . it is apparent, in view of the law as interpreted in the two cases above cited, that the judge of the Superior Court of Napa County was authorized by said subdivision 3 of section 1986 of said code to grant the order for said subpoena, and that the subpoena issued pursuant to said order carried sufficient territorial force and effect to require the attendance of petitioners as witnesses outside the county in which they resided, the distance being less than fifty miles from the place of their respective residences to the place where they were required to attend.'' (*Pollak* v. *Superior Court,* 197 Cal. 389, 391 [240 P. 1006].)

Petitioner argues, however, that the court in the Pollak

case was concerned with the limit of the jurisdiction of a court to serve a subpoena, rather than the problem of which court had power to issue the process; that in cases where the witnesses' residence is within the range (100 miles) of the subpoena power of the court in the county where the action is pending that court has the issuance power under subdivision one, and the provision in subdivision three comes into play only when the residence of the witness is outside that range; that such construction recognizes the sound policy of having, whenever possible, the court where the action is pending, and which will try the case, as the one to determine what questions are proper, etc., in event of a refusal to answer questions.

We agree that the primary question involved in the Pollak case was the permissive territorial range of a subpoena. While factually a situation similar to that in the instant case was presented, the court made no reference to the specific question here involved, namely, the apparent conflict between subdivisions one and three of section 1986. In *Scott* v. *Shields*, 8 Cal.App. 12 [96 P. 385], referred to in the Pollak case, the question was whether the notary, before whom the deposition was to be taken, or the clerk of the court was authorized to issue a subpoena (8 Cal.App. 12, 14), and there was no discussion of the above mentioned conflict in section 1986. *Merrill* v. *Superior Court*, 33 Cal.App. 55 [164 P. 340], referred to in the Pollak case, is subject to the same comment. There is nothing helpful in *Burns* v. *Superior Court*, 140 Cal. 1 [73 P. 597]. The case must, therefore, be determined by proper statutory construction.

■ Where possible, all parts of a statute should be read together and construed to achieve harmony between seemingly conflicting provisions rather than holding that there is an irreconcilable inconsistency. (Code Civ. Proc., § 1858; *Estate of Stevens*, 27 Cal.2d 108 [162 P.2d 918]; *County of Los Angeles* v. *Craig*, 52 Cal.App.2d 450 [126 P.2d 448]; 23 Cal. Jur. 792-793.) ■ If section 1986 is construed to mean that, by reason of subdivision three, in all cases a subpoena for a deposition is to be issued by the clerk of the court in the county where attendance is required, then the italicized part of subdivision one is rendered nugatory. Both subdivisions may be given effect, however, by construing subdivision one to authorize the clerk of the court in the county where the action is pending to issue the subpoena for a deposition in cases where the witness resides in that county or within 100 miles of the court, the reach of the subpoena, and his attend-

ance is required within the county or the 100-mile radius. In cases where the witness resides beyond the reach of the subpoena of that court it is issued by the clerk of the court of the county in which his attendance is required, with the limitation, of course, that the witness resides in that county or within 100 miles of that court. There is other wording in section 1986 which supports that interpretation. It will be recalled that the first part of subdivision three refers to requiring attendance in cases "not provided for in subdivision one" which may mean in cases beyond the territorial reach of the court in the county where the action is pending, as provided by section 1989 of the Code of Civil Procedure. This construction also harmonizes with and makes effective the latter section which reads: "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than one hundred miles from his place. of residence to the place of trial." It is, at least partly, in accord with the code commissioner's note, *supra,* in that in all cases permitted by section 1989, the subpoena is issued by the clerk of the court in the county in which the action is pending. Moreover, there are valid reasons, as urged by petitioner, and above mentioned, why the court where the action is pending should in all cases possible issue the subpoena and entertain the proceedings under section 1991 of the Code of Civil Procedure when the witness disobeys the subpoena.

We hold, therefore, that the clerk of the Superior Court of Alameda County had no jurisdiction to issue the subpoena and that court, respondent here, should quash it.

Let a peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the conclusion that the Superior Court of Alameda County had no jurisdiction to issue the subpoena. However, in my opinion, there is no basis for distinguishing *Pollak* v. *Superior Court,* 197 Cal. 389 [240 P. 1006], and it should be overruled.

In the Pollak case, the court failed to mention the conflict between subdivisions (1) and (3) of section 1986, Code of Civil Procedure, and appears to have been misled by the importance of the territorial issue. But the decisive question was stated as follows: "In the case at bar the witnesses whose

testimony is sought to be taken in Napa County reside in San Francisco, at the very place of trial, and are available therein as witnesses at any time. In view of that situation the question arises as to whether or not a party to an action may, in any event, require the attendance of a witness outside of the county in which he resides and wherein the action is pending, for the purpose of giving a deposition, even though the place where such witness is required to attend be less than fifty miles from his place of residence." (Pp. 392-393.) This is exactly the situation which is presented by the petition of Wemyss.

Pollak was obliged to obey the subpoena issued by the Superior Court of Napa County because, "in view of the broad language of said section 2021 of said code, it would seem that authority is granted to take depositions in any county, irrespective of the place where the witness resides or the place wherein the action is pending, provided only the distance between the place of residence of said witness and the place where his deposition shall be taken be less than fifty miles." (Pp. 393-394.) This is directly contrary to the determination of the same question in the present case.