[Civ. No. 13477. Fourth Dist., Div. Two. Sept. 19, 1974.]

J. R. LENNEY et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS OF RIVERSIDE COUNTY et al.,
Defendants and Respondents.

**COUNSEL**

Ball, Hunt, Hart, Brown & Baerwitz and Richard C. Goodman for Plaintiffs and Appellants.

Ray T. Sullivan, Jr., County Counsel, and Gerald J. Geerlings, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**KAUFMAN, J.**—Petitioners' tentative subdivision map was disapproved by the Riverside County Board of Supervisors. Petitioners sought a writ of mandate to compel approval and certification of the map. The writ was denied, and petitioners appeal. The sole contention on appeal is that the map was automatically deemed approved by the failure of the Riverside Board of Supervisors to act within the statutorily prescribed time.

Although not entirely clear, the provisions of the Subdivision Map Act·

(Bus. & Prof. Code, § 11500, et seq.)[1] appear to contemplate three modes of procedure with respect to the filing and consideration of tentative subdivision maps.

One: If there is no advisory agency (see § 11509), the tentative map is filed with the clerk of the governing body. (§ 11550.) "[T]he clerk of the governing body shall submit the tentative map to the governing body at its next regular meeting, which shall act thereon within 40 days thereafter." (§ 11552, subd. (a).)

Two: The governing body may appoint an advisory agency and authorize it to approve, conditionally approve or disapprove subdivision maps and authorize it to report its action direct to the subdivider. (§ 11552, subd. (a).) If the governing body has designated and authorized such an advisory agency, the advisory agency must approve, conditionally approve or disapprove in writing the tentative map within 50 days after the map has been filed with the advisory agency. (§ 11552, subd. (a).) "If the subdivider is dissatisfied with any action of the advisory agency . . . he may, within 15 days after such action, appeal to the governing body, unless an appeal board has been designated in which event such appeal must be to the appeal board, for a public hearing thereon. The governing body or appeal board as the case may be shall hear the appeal, upon notice to the subdivider and the advisory agency, . . . within 15 days or at its next succeeding regular meeting." (§ 11552, subd. (b).)

Three: The governing body may appoint an advisory agency and authorize it only to report its recommendations as to approval, conditional approval or disapproval to the governing body. In such event the advisory agency must submit its written report to the governing body within 50 days after the tentative map has been filed, and the governing body shall act upon the report within 10 days or at its next succeeding regular meeting after receipt of the report. (§ 11552, subd. (a).)

It bears emphasis that, in the context of approval or disapproval of a tentative map, the appeal procedure specified in section 11552, subdivision (b) is appropriate only where the governing body has designated an advisory agency and has authorized the advisory agency to approve, conditionally approve or disapprove of tentative maps and ". . . to report. its action direct to the subdivider." (See § 11552, subd. (a); cf. § 11552, subd. (b).)[2]

---

[1] Hereafter all section references are to the Business and Professions Code unless otherwise indicated.

[2] It would be contrary to common sense to read the statute as making the appeal procedure applicable where the advisory agency has no authority to approve, con-

At all times pertinent hereto, Riverside County employed the third procedure enumerated above, that is, the board of supervisors designated the county planning commission as the advisory agency, but authorized the planning commission only to report its recommendations to the board of supervisors for final action. (Riverside County Ordinance 460, §§ 1.2 and 5.13 as amended by Ordinance 460.17.) It was incumbent upon the planning commission, therefore, to make its report to the board of supervisors within 50 days after the filing of the tentative map (§ 11552, subd. (a)) and it was incumbent upon the board of supervisors to act upon the report within 10 days or at its next succeeding regular meeting after receipt of the report (§ 11552, subd. (a)). However, section 11553 provides in pertinent part: "The time limits for acting and reporting on tentative maps as specified in this article may be extended by mutual consent of the subdivider and the governing body, appeal board or advisory agency as the case may be."

The sequence of events in the case at bench is as follows. On May 17, 1972, petitioners filed their tentative subdivision map with the Riverside County Planning Commission. Within 50 days thereafter, to wit, on June 28, 1972, the planning commission recommended to the board of supervisors that the tentative map be disapproved. On July 5, 1972, the board received the report of the planning commission and set a hearing on the matter for July 11, 1972, its next regular meeting. On July 11, 1972, petitioners appeared before the board of supervisors,[3] and the hearing was continued to July 25, 1972. On July 25, 1972, with petitioners fully participating, the board of supervisors heard the matter and disapproved petitioners' tentative subdivision map on the grounds that the tract was not consistent with the general plan, the site was not physically suitable for the proposed density of the development and the tract had not been designed in accordance with the requirements of the county subdivision ordinance.

■ It is the contention of petitioners that, pursuant to section 11553, their subdivision map was deemed automatically approved when the board

---

ditionally approve or disapprove the tentative map. Moreover, any such reading of the statute would bring into conflict the 10-day period in which the governing body is to act as set forth in subdivision (a) of section 11552 with the 15-day provision in subdivision (b) of that section. A statute is to be construed to achieve harmony among its several parts, not to create conflict between them. (*Wemyss* v. *Superior Court,* 38 Cal.2d 616, 621 [241 P.2d 525].)

[3]Petitioners complain that they were not notified by the clerk of the board of supervisors of the hearing on July 11, 1972 as required by section 5.13(b) of County Ordinance 460 as amended by Ordinance 460.17, but the omission is of no significance inasmuch as petitioners had actual knowledge of the hearing and appeared thereat. Furthermore, the matter was not considered on its merits until July 25, giving petitioners adequate time to prepare.

of supervisors failed to act thereon at its meeting of July 11, 1972. We have concluded that the contention must be rejected.

In the first place, as we read section 11553, it does not provide for automatic approval of a tentative map in the circumstances here presented. The section provides in pertinent part: "If *no action* is taken within these time limits, the tentative map as filed shall be deemed to be approved and it shall be the duty of the clerk of the governing body to certify the approval; [hereinafter the 'no action clause'] provided, however, if the advisory agency has reported upon . . . the tentative map within the time limits, has recommended approval or conditional approval and *has not disapproved* said map and the governing body has failed to act upon the tentative map within the time prescribed by Section 11552 of this code, at the option of the subdivider, the tentative map upon the conditions, if any, set forth in the report of the advisory agency, . . . shall be deemed approved and it shall be the duty of the clerk of the governing body to certify the approval." (Italics added.)

The case at bench does not fall within the "no action clause" because the advisory agency did act within the 50 days prescribed by section 11552. The case does not fall within the proviso because the report of the advisory agency did not recommend approval or conditional approval but, rather, disapproval of the tentative map.

Secondly, the trial court found that the postponement of the hearing before the board of supervisors from July 11, 1972 to July 25, 1972 was requested by and made with the concurrence of petitioners. As previously indicated, section 11553 expressly provides that the time limits set forth in section 11552 may be extended by mutual consent of the subdivider and the governing body.

Petitioners attack the findings of the trial court that they requested and concurred in the continuance from July 11 to July 25, 1972 as being contrary to the evidence. We have concluded, however, that the trial court was justified in making these findings. It is true as petitioners argue that their representative at the hearing on July 11 expressly stated that he was not seeking a continuance but, rather, was seeking to proceed under the appeal provisions of section 11552, subdivision (b). But petitioners' representative was mistaken. The appeal procedure specified in section 11552, subdivision (b) was inappropriate to the Riverside County structure. (See fn. 2, *ante*, and accompanying text.) The fact remains that petitioners requested that the hearing be held on July 25, 1972, and on that date petitioners fully participated in the hearing which resulted in disapproval of

the map by the board of supervisors. Petitioners having requested the hearing on July 25, 1972, albeit under the mistaken impression that the appeal procedure specified in section 11552, subdivision (b) was appropriate, and having fully participated in the hearing on July 25, 1972, the trial court was justified in finding that the postponement from July 11 to July 25, 1972 was requested by and concurred in by petitioners.

The judgment is affirmed.

Gardner, P. J., and Tamura, J., concurred.