[Civ. No. 4249.   Second Appellate District, Division One.—November 19, 1924.]

GARRETT CLENDENNING, as Administrator, etc., Appellant, v. D. E. PARKER, Respondent.

[1] MARRIAGE — SEPARATION FROM HUSBAND — SECOND MARRIAGE — ABSENCE OF DIVORCE—PRESUMPTIONS—EVIDENCE—PROPERTY RIGHTS. The presumption of the legality of a marriage which occurred shortly after the female party thereto left her first husband is rebutted and overcome by evidence that up to the time of such marriage no decree of divorce had been granted as between said female and her first husband; and the later marriage is void and confers no rights upon the male party thereto, who claims as husband, in the property of said female.

(1) 38 C. J., p. 1330, sec. 104.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles S. Burnell, Judge.   Reversed.

The facts are stated in the opinion of the court.

Delphin M. Delmas and Delmas & Brown for Appellant.

Daly, Daly & Todd and J. E. Pawson for Respondent.

HOUSER, J.—This is an action involving the title and possession of certain real property, brought by plaintiff as administrator of the estate of Charlotte Haley, sometimes known as Charlotte Parker, deceased, against D. E. Parker, who claims as the husband of said deceased.

The facts herein, as shown by the bill of exceptions, are that on November 22, 1915, Michael Haley and decedent were married in the city of Seattle, state of Washington, where they resided as husband and wife until some time in the latter part of September, 1916, at which time the wife went to the city of Los Angeles, California. At the city of Santa Ana, California, on the ninth day of October of the same year, which was but a few days after Mrs. Haley

1. Presumption as to validity of subsequent marriage, notes, 17 Ann. Cas. 680; Ann. Cas. 1918E, 1233. See, also, 18 R. C. L. 418; 16 Cal. Jur. 934.

left Seattle, a marriage ceremony was performed between her and defendant Parker. On October 15, 1919, a deed of conveyance of the property here involved was executed to Mrs. Haley (or Mrs. Parker), and on December 8, 1919, under the name of Charlotte Parker, she made a declaration of homestead on said property for the joint benefit of herself and her husband D. E. Parker, defendant herein. The evidence shows that at the time Mrs. Haley was married to defendant, her husband, Michael Haley, was still living, and that he died on the twenty-second day of July, 1920.

On the trial of the action it was contended, and it is here urged, that the presumptions that a person is innocent of any crime or wrong, and that the law has been obeyed, are sufficient to give validity to the marriage of Mrs. Haley to defendant.

A very few days elapsed between the time that Mrs. Haley left her husband in Seattle, Washington, and married defendant at Santa Ana, California. The evidence introduced by plaintiff to rebut the presumption upon which defendant relied was that Mrs. Haley and Michael Haley resided together as husband and wife in the city of Seattle from the time they were there married until Mrs. Haley went to the city of Los Angeles; that the county records of the county in which the city of Seattle is located do not show that any action for divorce or annulment of marriage of Mrs. Haley and Michael Haley was ever filed therein. After Mrs. Haley left Seattle and up to the time she was married to defendant, sufficient time had not elapsed for her to have acquired a residence in California or elsewhere in order that jurisdiction might be conferred upon any court to entertain an action for divorce or annulment of marriage.

On facts similar to those appearing in the instant case it was held in *Schmisseur* v. *Beatrie,* 147 Ill. 210 [35 N. E. 525], that, while the presumption was that the first marriage had been dissolved at the time of the second marriage, evidence that the records of the county in which the parties to the first marriage had always lived showed no divorce suit between them, except one which had been begun on the day of the second marriage and dismissed without a decree, was sufficient *prima facie* to overcome the presumption that the second marriage had been dissolved, and thereupon the

burden was shifted to the parties claiming the legality of the first marriage to establish that fact.

In the case of *Cartwright* v. *McGown*, 121 Ill. 388 [2 Am. St. Rep. 105, 12 N. E. 737], it appeared that a marriage had occurred and two years later, without any divorce between the parties, a second marriage had been performed as between one of the parties to the first marriage and a third person. A divorce, however, was subsequently granted as between the parties to the first marriage. It was held that as the divorce was not obtained until after the second marriage ceremony had been performed, there was no authority for the presumption of the legality of the second marriage.

In the case of *Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435 [Ann. Cas. 1918B, 540, 113 N. E. 507], the rule in substance is stated that the presumption growing out of a *prima facie* case remains only so long as there is no substantial evidence to the contrary, and that where such evidence is offered such presumption disappears; and thereupon unless the presumption be augmented by further proof there is nothing to justify any finding based upon it.

To the effect that a presumption analogous to that here involved is not conclusive, but, to the contrary, may be rebutted, and upon a *prima facie* showing of rebuttal that the burden of establishing the original fact theretofore assumed by such presumption devolves upon the party in whose favor the presumption existed, see *Savings & Loan Soc.* v. *Burnett*, 106 Cal. 514 [39 Pac. 922]; *Freese* v. *Hibernia Sav. & Loan Soc.*, 139 Cal. 392 [73 Pac. 172]; *Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198].

[1] In the instant case the presumption of the legality of the marriage between Charlotte Haley and defendant was rebutted and overcome by the evidence that up to the time of such marriage no decree of divorce had been granted as between Charlotte Haley and her husband, Michael Haley. It therefore becomes apparent that the marriage between Mrs. Haley and defendant was void and conferred no rights upon defendant with respect to the property involved in this action. (*Schneider* v. *Schneider*, 183 Cal. 335 [11 A. L. R. 1386, 191 Pac. 533].)

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.