[Civ. No. 7362. First Appellate District, Division Two.—April 8, 1930.]

ARTHUR HOPKINS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

William F. Humphrey and Geo. D. Perry for Petitioner.

Morris M. Grupp for Respondents.

NOURSE, P. J.—This is an original proceeding in *mandamus* to require respondent Superior Court to make its order directing that certain depositions of witnesses be taken in the state of New York upon oral interrogatories.

Petitioner herein is plaintiff in an action pending before the respondent Superior Court in which action the respondent Woodward has appeared as one of the defendants. The plaintiff in said action gave to the defendant notice of his motion that the deposition of plaintiff and of one Lyons be taken in the city of New York upon oral interrogatories. Attached to the notice of motion was an affidavit in which the affiant gave as his opinion that these depositions could only be satisfactorily obtained through the use of oral interrogatories. Objections were filed on behalf of defendant Woodward showing that by reason of a temporary restraining order obtained by the plaintiff in the action pending the defendant had become insolvent and was without means to employ counsel in the city of New York to attend the taking of the depositions. Other facts were stated which tended to show that the depositions might be taken by written interrogatories without prejudice to the plaintiff. After a full hearing upon the motion the respondent court made its order that the depositions of these witnesses should be taken upon written interrogatories.

The question presented in this proceeding is whether the Superior Court has jurisdiction to determine in each particular case whether a deposition of a nonresident witness should be taken upon written interrogatories or upon oral examination. Section 2024 of the Code of Civil Procedure provides that a deposition of a witness out of the state may

be taken upon a commission issued by the court upon an order of the court on the application of either party upon five days' previous notice to the other. Section 2025 of the Code of Civil Procedure provides that the party moving for the commission must attach to the notice of motion the interrogatories upon which he desires it to be taken unless this is waived by the other party. Provision for the filing of cross-interrogatories and the settlement by the court follow and the section concludes with: ''When agreed upon or settled, the interrogatories must be annexed to the commission; or, when the parties agree to that mode, or the court on the application of either party, after a hearing had upon two days' notice to the opposite party, so directs, the examination must be without written interrogatories.'' Section 2025½ provides that when a party shall desire to take the evidence of a nonresident witness he ''may have a commission directed in the same manner as provided in section 2024, Code of Civil Procedure, to take such evidence upon interrogatories to be propounded to the witness orally.''

Section 2025½ was added in 1903. At the time this section was enacted the preceding section read (following provisions relating to the settlement of written interrogatories), ''or when the parties agree to that mode the examination may be without written interrogatories.'' It will be noted that when section 2025½ was enacted there was no provision of the code authorizing the trial court to direct the taking of a deposition without written interrogatories unless such method was agreed to by the parties in the action. However, by amendment approved in 1907 the legislature changed the provisions of section 2025 by expressly giving to the court ''on application of either party'' the power to direct examination to be without written interrogatories.

Following the well-accepted rule that all sections of the code are to be read in harmony when possible and that if there be any conflict in these sections the one later in enactment shall control, we conclude that the clear purpose of the legislature in the matter of taking depositions of nonresident witnesses is that either party may initiate a proceeding for the taking of a deposition of such a witness either upon written interrogatories or upon oral examination,

but that in either case the trial court is vested with the discretion, after a hearing as provided in section 2025, to direct the mode in which the examination is to be taken. Here the only apparent conflict between the two sections would arise by reading the word "may" in section 2025½ as "must," so that the section would provide that whenever either party *requested* it the court *must* direct a commission upon oral examination no matter what the circumstances of the case might be. But it is not necessary that we thus alter the expression used by the legislature in order to create a conflict between the two sections. Reading the section as enacted it means that either party may move that such a commission be issued and that after a hearing as provided in section 2025, if the court so directs, then such examination must be without written interrogatories.

As we conclude that the trial court had jurisdiction to determine in what manner the examination was to be held it is unnecessary to consider other points discussed in the briefs because we are satisfied upon this record that the discretion imposed in the trial court has not been abused.

The writ is denied.

Sturtevant, J., and Burroughs, J., *pro tem.*, concurred.