[Civ. No. 6439. Third Appellate District.—April 4, 1940.]

ARTHUR R. MORAN, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

Johnson & Curtright for Petitioner.

John W. Dignan, Chris A. Johnson and A. C. McClellan for Respondent.

THE COURT.—This is a petition for a writ of *mandamus* to require the Superior Court of Sacramento County to issue a commission to take the testimony of a witness residing in Waukegan, Illinois, to be used on a motion for new trial now pending in a divorce suit in that court. The sufficiency of the allegations of the petition is raised by a general demurrer only. No answer was filed, and permission to answer in the event that the demurrer should be overruled was not requested.

The petition recites in detail the proceedings which occurred in the suit for divorce between Irene E. Moran, as plaintiff, and Arthur R. Moran, as defendant. It is alleged that on motion of the defendant an interlocutory decree of divorce which was rendered against him on the ground of extreme cruelty, was set aside, and he was permitted to, and did, file a cross-complaint in which he asserted that the purported marriage between himself and Irene was void because she was formerly married to Paul R. Hendricks, who is still alive, and from whom she was never divorced. The cross-complaint prays that Irene be denied a divorce and that Mr. Moran be granted a decree of annulment of their purported marriage under the provisions of section 82 of the Civil Code.

It is further alleged in the petition that the defendant in the divorce case continued, to the time of the second trial of that case, to exercise extraordinary diligence to locate the witness Hendricks, but that he was unable to discover his whereabouts, and was therefore forced to go to trial without the benefit of his testimony; that no evidence of a divorce between Irene and Mr. Hendricks was adduced at the trial, except that she testified she had neither seen nor heard from her former husband for several years, which raised the presumption under section 1963, subdivision 26, of the Code of Civil Procedure, that he was dead.

Upon that evidence an interlocutory decree of divorce was again rendered March 4, 1940, against the defendant on the ground of extreme cruelty. It was further determined that the defendant should take nothing by his cross-complaint. He promptly served notice of intention to move for a new trial upon several grounds, including that of newly discovered evidence. In support of that motion, an affidavit was

filed, in which it was averred that since the divorce case was determined the defendant discovered that Paul R. Hendricks, the former husband of Irene, is alive and that he now resides in Waukegan, Illinois; that he refuses to make an affidavit of his marital status with Irene; that after the exercise of extraordinary diligence he was unable to locate Hendricks until after the time of the decision in the divorce case, and he was therefore compelled to go to trial without his testimony, and that his evidence will not be cumulative, but on the contrary it is material and necessary to establish his marital status with the plaintiff, Irene, which is absolutely essential from which to determine the merits of that cause on the issue as to whether a divorce or an annulment should be granted. Based on that notice of motion for new trial and upon the affidavit of merits the defendant immediately served and filed his notice of motion, under sections 2020 and 2024 of the Code of Civil Procedure, for a commission to take the testimony of Paul R. Hendricks in Waukegan, Illinois. That motion was also supported by an affidavit reciting facts similar to those contained in the affidavit on motion for a new trial. All of said notices and affidavits are attached as exhibits to the petition in this proceeding. At the hearing of the motion for a commission to take testimony, both parties to the divorce suit were represented. Mr. Johnson, one of the attorneys for the defendant, was sworn and testified to similar facts. No counteraffidavits were filed in behalf of the plaintiff, and no evidence was adduced to rebut the showing made by the defendant. The fact that Hendricks is now living stands uncontradicted, and the record in the divorce proceeding is therefore devoid of evidence that Irene and Mr. Hendricks were ever divorced. Upon that showing the court denied defendant's application for a commission to take testimony. This petition for a writ of *mandamus* was then presented.

We are of the opinion the petition for a writ of *mandamus* sufficiently alleges facts requiring the issuance of a commission to take testimony of a material witness residing in another state under the provisions of sections 2020 and 2024 of the Code of Civil Procedure. ▪ The only defect relied upon is the presence of certain statements in the petition which may be deemed to be conclusions, and that the petitioner failed to affirmatively state positively that the evidence

of the witness would be favorable to him. These may be deemed to be mere uncertainties. The demurrer is general in its nature. Mere defects of uncertain or indefinite allegations of a pleading may be raised only by a special demurrer. (*Barber v. Mulford,* 117 Cal. 356 [49 Pac. 206]; 16 Cal. Jur. 866, sec. 64.) Clearly the petition shows the discovery of a material witness whose evidence is absolutely necessary to determine the issues raised by the cross-complaint of the marital status of the parties to the divorce proceeding. The presumption that Hendricks is not dead is uncontradicted. Irene testified that she never procured a divorce from her former husband. He is the only witness who can furnish evidence of their marital status upon which the determination of the issues of the divorce case absolutely depends. It appears, without dispute, that his evidence is not cumulative. The averments of extraordinary diligence to discover the whereabouts of the witness are not disputed. Under such circumstances it would seem to be a denial of the statutory right to a commission to procure the evidence of a material and necessary witness to determine an issue vital to a just and proper decision of a pending case, to refuse the mandate which is prayed for in this proceeding.

In the absence of evidence to the contrary, the presumption of the validity of a final marriage, which is consummated by means of a formal ceremony, is superior to the mere presumption that a prior marriage continues in force. The burden of proof is on the person who challenges the validity of a subsequent marriage to prove not only the former marriage, but also to show that it has not been dissolved by the death of the absent spouse or by a decree of divorce or annulment. (*Wilcox v. Wilcox,* 171 Cal. 770 [155 Pac. 95]; *Hunter v. Hunter,* 111 Cal. 261 [43 Pac. 756, 52 Am. St. Rep. 180, 31 L. R. A. 411]; 34 A. L. R. 464, note; 77 A. L. R. 729, note; 26 Cal. Law. Rev. 270.) That presumption, however, may be controverted by evidence that the former spouse is living and that neither a divorce nor an annulment of the former marriage was ever procured. (Sec. 1961, Code Civ. Proc.; *Ryder v. Ryder,* 2 Cal. App. (2d) 426 [37 Pac. (2d) 1069]; *Clendenning v. Parker,* 69 Cal. App. 685 [231 Pac. 765].) Section 61 of the Civil Code provides that:

"A subsequent marriage contracted by any person during the life of a former husband or wife of such person, with any person other than such former husband or wife, is illegal and void from the beginning, unless:

"(1) The former marriage has been annulled or dissolved. . . .

"(2) Unless such former husband or wife is absent, and not known to such person to be living for the space of five successive years immediately preceding such subsequent marriage, or is generally reputed or believed by such person to be dead at the time such subsequent marriage was contracted. In either of which cases the subsequent marriage is valid *until its nullity is adjudged by a competent tribunal.*" (Italics ours.)

It is evident from the language of the preceding section that the validity of a subsequent marriage depends upon the facts and circumstances under which it was consummated, and whether the former marriage had been actually dissolved.

It follows that evidence in a divorce suit is competent to rebut the presumption raised by section 61 of the Civil Code or section 1963, subdivision 26, of the Code of Civil Procedure, by proving, if possible, that the spouse to whom one of the parties was formerly married, is actually living and that the prior marriage was not dissolved. Positive or direct evidence is preferable to indirect evidence or mere presumptions of law. The validity of the last marriage is absolutely dependent upon the facts sought to be established in this action. The nature of the decree which is proper to be rendered in the divorce suit depends upon the question as to whether the last marriage was valid or invalid. If it was valid it may be proper to render a decree of divorce. If it was invalid possibly a decree of annulment should be entered. Upon a satisfactory showing of due diligence and the assurance of proving by direct and positive evidence facts which are so vital to the determination of a pending suit, the statute appears to require the issuance of a commission to take the testimony of such a material witness.

Section 2020 of the Code of Civil Procedure is unqualified in its declaration that:

"The testimony of a witness out of this state may be taken by deposition in the following cases:

"1st. In an action, *at any time after the service of summons*, or the appearance of the defendant."

Since the deposition may be taken "at any time" after the service of summons, it follows that it may be taken for use on a motion for new trial, as well as at any other stage of the case before its final determination. Section 2024 of the Code of Civil Procedure authorizes that deposition to be taken by either party to the action upon five days' notice by order of the court or a judge thereof.

It has been held that *mandamus* is the proper proceeding to require the issuance of a commission to take testimony out of the state. (*San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30, 39 [99 Pac. 359, 17 Ann. Cas. 933]; *Levin* v. *Superior Court*, 139 Cal. App. 693 [34 Pac. (2d) 832].) The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. (*Pollak* v. *Superior Court*, 197 Cal. 389 [240 Pac. 1006].) That opportunity, under some circumstances, might prevent a miscarriage of justice. It is true a trial judge should possess a sound discretion to grant or deny a motion for a commission to take testimony in another state, to be used on a motion for new trial, when there is a conflict of evidence with respect to the exercise of diligence. But when a *prima facie* showing of diligence has been established, in the absence of counteraffidavits or evidence to the contrary, it seems clear that a commission should issue. There was no showing of a lack of diligence in the present case.

It has been repeatedly said that a court has no discretion, upon an application which complies with the statute, to refuse to issue the commission to take testimony. (*San Francisco Gas & Elec. Co.* v. *Superior Court, supra; Levin* v. *Superior Court, supra.*)

The respondent argues that since the petitioner has failed to positively assert that the evidence of Hendricks will be favorable to him or that it will show a dissolution of the marriage between him and Irene did not occur, it would therefore be a useless and idle act for the court to direct the issuance of the commission. That evidence appears to be

as essential to the determination of the plaintiff's rights in that suit as it is to those of the defendant.

Since no application was made to file an answer to the petition in this proceeding in the event that the demurrer should be overruled, we assume that an allegation of further facts on the part of the respondent is not desired. Pursuant to rule XXVI, section 3, of the Rules for the Supreme Court and the District Courts of Appeal, the demurrer is overruled without leave to answer.

The writ of *mandamus* is granted and the court is directed to issue the commission to take testimony as prayed for.