[L. A. No. 26111. In Bank. Aug. 3, 1961.]

DOLORES C. CARLSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CARROLL C. CARLSON, Real Party in Interest.

Brown and Altshuler and Leo Altshuler for Petitioner.

No appearance for Respondent.

Edward M. Raskin for Real Party in Interest.

PETERS, J.—Petitioner seeks a writ of mandate to require the superior court to set aside its order prohibiting her from taking certain depositions.

In May 1960, petitioner, as defendant and cross-complainant, was granted an interlocutory judgment of divorce against Carroll C. Carlson, the real party in interest. Most of the provisions of that judgment were in accord with stipulations entered into in open court. On June 8, 1960, the parties signed a document (dated June 6th) entitled "Stipulation and Order for Modification of Interlocutory Judgment of Divorce," by the terms of which it was agreed that certain real property previously awarded to the husband should be awarded to the wife, and that thereafter the wife should pay both her own and the husband's attorney fees in the event that she should bring any future "action for the purpose of increasing alimony, or for any purpose against the Plaintiff . . ." other than for increased child support. At least one copy of the document was also signed by the attorney for each party, but before the same could be presented to the court

for approval and entry of order, the husband repudiated the stipulation, claiming that it had never been consummated or delivered, and further contending that if deemed to have been executed and delivered, it had been rescinded on the ground that it was procured by fraud. Petitioner, being unable to obtain the intended modification by stipulation, filed a motion for new trial on the ground of newly discovered evidence (urging the stipulation to be such evidence). The trial court denied the motion upon the ground that the stipulation, even if valid, was not in existence on the date of the interlocutory judgment, and hence did not constitute newly discovered evidence. Thereupon petitioner filed a motion to modify the judgment in accordance with the terms of the alleged stipulation, thus creating an issue as to its validity. In preparation for the presentation of that motion petitioner took the required steps to take the depositions of the husband and of his previous attorney (the latter having been substituted out of the case subsequent to the date of repudiation of the alleged stipulation). The notice of taking depositions stated that the scope of examination of the witnesses would be "limited to the issues presented in . . . [the] pending motions for modification . . .," and further that "[s]ince it is the present contemplation of Mrs. Carlson to bring on a further motion for modification of the alimony and child support order based upon a change of circumstances since the entry of the Interlocutory Judgment of Divorce, the scope of the examination as to witness Dr. Carlson will likewise include questions directed as to that potential as well. No other matters will be inquired into at these depositions. . . ."

There is no claim that the steps taken by petitioner did not fully satisfy the provisions of subdivision (a) (1) of section 2019 of the Code of Civil Procedure regarding the noticing and taking of depositions, or that a motion to modify may not be predicated upon a valid stipulation, or that the matters sought to be proved or discovered are not relevant to the issues, or that the contemplated witnesses are not proper persons to be examined as to the issues involved, or that any question of privilege is involved. However, the husband (Dr. Carlson) filed a notice of motion seeking, in the alternative: (1) an order forbidding the taking of the depositions, (2) an order requiring such depositions to be taken on written interrogatories, (3) an order forbidding examination as to those matters covered by affidavits or counteraffidavits previously submitted in connection with the motion for new trial and other similar

motions already heard and determined by the court, and (4) an order limiting the scope of the examination to the facts relating to defendant's (petitioner's) pending motion to modify (i.e., excluding facts relating to any potential motion to increase alimony and child support). The only grounds urged in support of this motion to forbid or limit the depositions were: (1) that extensive depositions were taken in the principal action prior to the trial thereof, (2) that depositions were unnecessary because all of the facts relating to the validity of the alleged stipulation (upon which modification was sought) were set forth in the affidavits and declarations of the respective parties filed in connection with petitioner's previous motions, and (3) that the depositions were sought for the sole purpose of harassing, embarrassing and oppressing the husband. Each of the parties again filed declarations in support of their respective contentions. These declarations, together with those previously filed, indicated factual issues as to whether the alleged stipulation of June 8th had been in fact executed and delivered, and if so, whether it had been procured by fraud, and if so, whether it had been rescinded. The husband's declaration also contained his bare allegation that the purpose of the attempted depositions was harassment, embarrassment and oppression.

After hearing the husband's motions, respondent court made its order granting the motion for an order forbidding the taking of the depositions, and also made its order dropping the three alternative motions from the calendar. So far as the record shows, the court made this disposition by a minute order, which does not indicate the grounds for forbidding the taking of the depositions.

The contentions of the parties[1] give rise to three issues which are: (1) Is mandamus a proper method of reviewing respondent's order? (2) Is deposition available to a party moving to modify an interlocutory judgment of divorce? (3) Did the order of the trial court constitute an abuse of discretion which may be reviewed herein?

*Mandamus is the proper method of obtaining the relief sought herein.*

An order denying a party utilization of a discovery proceeding is not directly appealable; and since review on

---

[1]Several collateral arguments give rise to side issues not included in this statement of the issues for the reason that they are immaterial to a decision herein.

appeal from such final order or judgment as may be made in the proceeding in which the discovery is sought would be an inadequate remedy, mandate is a necessary and proper method of obtaining relief (*Greyhound Corp.* v. *Superior Court, ante,* p. 355 [15 Cal.Rptr. 90, 364 P.2d 266]).

 The real party in interest attempts to refute this well-settled proposition of law by the argument that mandamus will not lie to compel an act discretionary with the trial court. Not only do his citations fail to sustain his arguments,[2] the proposition does not refute the basic tenet that mandamus is a proper procedure to compel respondent court to set aside an *improper* order. If the order in question was within the discretion of the trial court, it was not improper. What the real party is really attempting to argue is not that mandate is not proper, but that there was no abuse of discretion. This last mentioned point is discussed later in this opinion.

*The code provisions authorize the taking of depositions on pending motion to modify interlocutory judgment.*

The pertinent portions of section 2016 of the Code of Civil Procedure provide that a deposition may be taken "for the purpose of discovery or for use as evidence . . . or for both purposes. . . . in an action at any time after the service of the summons or the appearance of the defendant, and in a special proceeding after a question of fact has arisen therein." In reliance upon the phrase "in an action at any time after the service of the summons," the real party argues that the section contemplates that depositions may be taken only in a "pending" action, and that this action is no longer "pending" because the interlocutory judgment has become final in the sense that the time for appeal has expired without appeal having been taken. This argument has been refuted in the recent case of *See* v. *Superior Court,* 55 Cal.2d 279 [10 Cal.Rptr. 634, 359 P.2d 32], in which it was held that a divorce action is still "pending" for modification purposes after the interlocutory has become final. Moreover, this argument completely overlooks that provision of section 2016, subdivision (a), which authorizes depositions to be taken "in a

---

[2]*Monroe* v. *Superior Court,* 97 Cal.App.2d 470 [218 P.2d 136], deals with the provisions of section 1019 of the Code of Civil Procedure which requires that corespondents in a divorce action be named, and made parties. The decision, which held that the defendant husband did not have to divulge the names of his female acquaintances in an action wherein plaintiff failed to name any corespondent, preceded the present discovery statutes which admittedly have broadened the entire field of subjects which may be covered in a deposition.

special proceeding after a question of fact has arisen therein," and the provision of section 2035 to the effect that the word "action" shall be construed to include a special proceeding of a civil nature. There is no claim that the motion to modify is not pending before respondent court, or that the respondent does not have jurisdiction to hear and pass upon that motion, or that an issue of fact has not arisen. By any definition which the real party may urge, that motion is either part of a pending action, or a special proceeding. (Code Civ. Proc., §§ 22 and 23.) It is also pertinent that subdivision (d) of section 2016 authorizes that depositions, when taken, may be used on "the hearing of a motion or an interlocutory proceeding."

It should also be here mentioned that the discovery statutes are to be liberally construed, and that the purpose of the statutes is to further the efficient, economical disposition of cases according to right and justice on the merits (*Greyhound Corp.* v. *Superior Court, supra, ante,* p. 355).

To hold that the statute does not authorize discovery proceedings on a motion such as is pending herein, would require the moving party to choose between proceeding without the efficient and economical preparation contemplated thereby, or to file a new and separate action to enforce the provisions of the alleged stipulation. Such a holding would not expedite litigation.

*Did the order of respondent court constitute an abuse of discretion?*

There is no question but that the discovery statutes give to the trial court wide discretion in making such orders as may be necessary to protect parties and deponents from abuse or misuse of depositions (*Greyhound Corp.* v. *Superior Court, supra, ante,* p. 355). But the court's power to order "that the deposition shall not be taken, or that it may be taken only" at some other time or place, or in some other manner than as proposed, or that scope of the questions be limited or controlled in certain specified manners, is not unlimited. Section 2019 of the Code of Civil Procedure provides that the discretion thus conferred on the court may be exercised only upon a showing of good cause. That section limits the right to protest the taking of depositions (and hence limits the right of the court to forbid the same) to a "motion seasonably made . . . upon notice and for good cause shown. . . ."

Likewise, in granting the court wider discretion than it had prior to the enactment of the discovery procedures, the

same code section authorizes the making of "any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." The very language of the statute thus limits the discretion which it has created to situations wherein good cause has been shown, or where justice requires the exercise of that discretion. In *Singer* v. *Superior Court*, 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], which involved the propriety of an order which sustained a refusal to answer interrogatories, the court also discussed section 2019, subdivision (b) (1), here involved. It was held (at p. 327) that while the trial court had a wide discretion in the premises, there can be no room for the exercise of such discretion if no ground exists upon which it might operate.[3] A similar holding is to be found in the *Greyhound* decision, *supra*.

This leaves for determination the question of whether, under the facts, the trial court abused its discretion in making the challenged order. ▮▮▮▮ Of course, if there was any evidence that supports any one of the grounds urged for suppression of the right to take the depositions, then this court may not substitute its opinion for that of the trial court, and the order must be sustained. But if there is no legal justification for such exercise of discretion it must be held that an abuse occurred.

In his motion to prohibit the taking of the depositions, the moving party stated three grounds: (1) extensive depositions had been taken prior to trial; (2) the proposed depositions were unnecessary because all of the contentions of the deponents concerning the issues of fact (validity or invalidity of the stipulation) were set out in the affidavits and declarations filed by the parties; and (3) the depositions were sought

---

[3]Prior to the enactment of the present discovery statutes it was consistently held, under the then existing statutes, that a party had a vested right to take depositions, and that any order of the trial court which operated in conflict with that right constituted an abuse of discretion unless based upon good cause. (See *McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 393-395 [159 P.2d 944]; *Tatkin* v. *Superior Court*, 160 Cal.App.2d 745, 750 [326 P.2d 201].) While it may be argued that the current statutes grant to the trial court a wider discretion than it had when those opinions were rendered, it can also be shown that the necessity for creating that discretion arose from a distinct change in the manner prescribed for taking depositions. Under the new system, for the first time, a party (and certain other deponents) may be required to appear for a deposition without the service of a subpoena. It was therefore necessary to create a safeguard against abuses of this new method. A wider discretion having been vested in the trial court for that purpose it may not be utilized to defeat the statutory purpose.

for the sole purpose of harassing, embarrassing and oppressing the moving party. Since we have no way of knowing on which, if any, of these three grounds the trial court based its order, we must look to see if there was any evidence to sustain any one of them.[4]

The claim that petitioner took extensive depositions prior to trial is not a valid ground for refusing her the right to take the currently proposed depositions. She now seeks testimony concerning an issue of fact which did not exist at the time of trial. She wishes to examine the adverse party and his (then) attorney regarding the execution and delivery of a stipulation which they both admittedly signed and handed to her. That stipulation purports to authorize the modification of the interlocutory judgment, and the issues of fact (presented by the motion to modify) are whether or not there was a valid delivery, free from fraud. It would be an unwarranted limitation upon the discovery statutes to hold that they deny a litigant the right to inquire into matters relating to a new factual issue merely because she has taken depositions prior to the existence of the facts giving rise to that issue.[5]

The contention that depositions are unnecessary because the facts sought are all set forth in declarations and affidavits voluntarily filed by the parties is also without merit. This contention misconceives the obvious distinctions between a unilateral affidavit and a bilateral examination. Of course, in an affidavit, the affiant states only those facts that support his contentions, but in a deposition his opponent may inquire into further facts not volunteered by the witness. Obviously, the scope of an affidavit does not cover the same area encompassed by a deposition. As between the two, only deposition affords an opportunity to alter the effect of the opponent's factual claims by obtaining from him any information which would tend to rebut or go to the credibility thereof.

---

[4]This proceeding illustrates the problem, mentioned in the *Greyhound* opinion, *supra*, where it was pointed out that the trial court's failure to make a record of the grounds on which it exercised its discretion often leaves an appellate court in a serious quandary which may not always be resolved by recourse to the presumption in favor of the order.

[5]Although such determination is not required herein, we find nothing in the statutes other than the safeguard against harassment and oppression, which would prevent a party from taking repeated depositions on the same factual issue. The statutes limit a litigant to a single request for answer to written interrogatories (Code Civ. Proc., § 2030, subd. (a)), but no such limitation is included in the provisions for oral depositions. The distinction may point up a legislative intent to permit multiple depositions.

The third ground urged in support of the order prohibiting depositions was that the depositions were proposed by petitioner for the sole purpose of harassment. This is, of course, a statutory basis for the exercise of discretion by the trial court, and such exercise cannot be disturbed if there is any substantial evidence to support it. The motion to prohibit the taking of the depositions was heard solely on the declarations and affidavits filed in support of and in opposition thereto. The declarations presented by petitioner, in opposition to the motion, clearly indicated sufficient grounds for taking the depositions, as opposed to a mere desire to harass or annoy. The declarations filed by the husband in support of his motion contained no factual basis for his contention that petitioner sought the depositions for such purpose. The allegations in that regard were mere statements of his opinion or conclusion, and as such had no probative value.

It has not been shown that the moving party produced any evidence from which the trial court could have found that justice required an order prohibiting the depositions. The code provision authorizing "any order which justice requires" is applicable, by its language, to those cases wherein annoyance, embarrassment or oppression is shown. We have already shown that the moving party failed to offer any evidence showing such to be petitioner's purpose. In the absence of any such showing a party is entitled to take depositions as a matter of right (see *Greyhound* case, *supra*).

For these reasons it must be held that the trial court abused its discretion in making the challenged order.

It is not at this time necessary to pass upon petitioner's request to question the real party regarding those facts which she intends to use as the basis of another, as yet unfiled, motion. The order of respondent court granted a motion to prohibit the depositions in their entirety. At the same time the court put off calendar the alternative motions by means of which it may yet control the method of taking the depositions and the scope of the inquiry. If the order is set aside, those motions are still pending, and when passed upon the trial court may provide such protection as the moving party may require. It may not now be assumed that the trial court will act thereon either prematurely or erroneously. Nor can it be assumed that the questions which petitioner may ask of the witnesses will go beyond the scope of inquiry authorized by the discovery provisions. Thus, it is now not necessary to determine whether petitioner may broaden the scope of the inquiry to include

issues which may be relevant to a motion not yet pending.[6] Her opponent is not only protected from abuse by virtue of his present motions, he may also have recourse, if such becomes necessary, to other procedures contemplated by the statutes. It is sufficient to now determine the single issue involved in the order denying petitioner the right to take any deposition.

It is ordered that a peremptory writ of mandate issue requiring the respondent court to set aside its order prohibiting petitioner from taking any depositions. The issuance of such writ shall not affect the trial court's power, as defined in this opinion and in the discovery statutes, to impose any reasonable safeguards or limitations in the taking of such depositions as the facts may require, nor shall it affect the trial court's power to pass on the remaining motions now pending before it.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

SCHAUER, J., Dissenting.—As stated in the majority opinion, one of the grounds urged by the husband herein in support of the trial court's order prohibiting the depositions was that the depositions were proposed by petitioner for the sole purpose of harassment. The majority concede (*ante*, p. 440) that ''This is, of course, a statutory basis for the exercise of discretion by the trial court, and such exercise cannot be disturbed if there is any substantial evidence to support it.'' (See also Code Civ. Proc., § 2019, subd. (b)(1).) As I read the record, it appears that, contrary to conclusional statements in the majority opinion, the declarations filed by the husband set forth substantial facts which support this statutory basis and the trial court's implied finding that petitioner seeks the depositions for the sole purpose of ''annoyance, embarrassment, or oppression,'' as contended by the husband.

Appended as Exhibit ''G'' to the petition for the writ is a

---

[6]Even if petitioner be confined to the single issue of the validity of the stipulation, her questions in that regard may embrace everything relevant thereto, whether admissible or not, as well as anything which appears reasonably calculated to lead to the discovery of admissible evidence (Code Civ. Proc., § 2016, subd. (b)). The factual issues will be broadened should she file the second motion which she apparently contemplates. Whether or not justice will be served and the possibility of harassment and oppression decreased by allowing her to examine on all issues at this time, or whether she should be required to take second depositions at another time, are matters which the trial court may determine under the evidence presented at some other stage of this matter.

copy of the husband's declaration filed in support of his motion for an order pursuant to subdivision (b)(1) of section 2019 of the Code of Civil Procedure that the depositions not be taken. Incorporated in such declaration "as though set forth in full at length" are, among other things, the husband's previous declaration and the declaration of his former attorney, Mrs. Deutsch. Although petitioner did not include or attach those declarations which as a part of Exhibit "G" were before the trial court, thus failing to provide this court with a complete record (which alone would justify our denial of the extraordinary remedy of mandamus), the husband as the real party in interest has included certain of them in his return to the alternative writ.

In the husband's declaration (Exhibit "A" to the return) facts are set forth, complete with dates, which, as the trial court impliedly found, show a determination on the part of petitioner wife to extort further property from him; that, for example, she stated to the husband that she would "keep me in court so that I would be burdened with additional legal expenses for her lawyers, as well as my own, unless I would agree to give her my one-fourth interest in the apartment building. She further stated that she could even more effectively ruin my practice in the future than she had heretofore and that she would continue to take me into court upon the slightest provocation in order to put me hopelessly in debt. She threatened that unless I would in some way modify the Decree of Divorce she would seek every doctor and every doctor's wife who knew me socially or professionally, and that she would do her best to influence them to make no further referrals of patients to me. When I asked her how would that help her and the children, her reply was that if she couldn't benefit from it, she would at least see to it that I could not benefit."

The declaration, which comprises six double-spaced legal length pages of typing, further sets out factual details, complete with dates, showing that the wife was aggressively endeavoring to alienate the children from their father and using them as intermediaries in an attempt to persuade him to give their mother what she wanted, that when the husband mentioned to her that "the coming week-end was my right to have the girls, she . . . said that the Decree was just a bunch of words put in by my lawyers, and that she had no intention of abiding by them."

The above related facts, as well as others set forth in the husband's declaration, constitute, in my view, considerably

more than, in the words of the majority opinion, a (*ante*, p. 435) "bare allegation that the purpose of the attempted depositions was harassment, embarrassment and oppression," amounting to (*ante*, p. 440) "mere statements of his opinion or conclusion . . . [without] probative value." I believe they abundantly support the essential implied findings and the order of the trial court prohibiting the taking of the depositions, and that, accordingly, if we follow established law, the writ sought by petitioner wife should be denied.

McComb, J., concurred.

The petition of the real party in interest for a rehearing was denied August 30, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.