[Civ. No. 25752.   Second Dist., Div. Three.   Oct. 2, 1961.]

BEVERLY HILLS NATIONAL BANK AND TRUST COMPANY (a National Banking Association), as Coadministrator, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ANNA J. CLARK, Real Party in Interest.

George I. Devor for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Richards, Watson, Smith & Hemmerling and Frederick L. Simmons for Real Party in Interest.

SPARKS, J. pro tem.*—Mandamus is sought here to compel respondent court to set aside its order of denial and to grant petitioner's motion to take the deposition of one Stanley H. Farrington, a nonresident witness. Petitioner is a coadministrator with will annexed of the estate of Arthur H. Clark, deceased, and one of the defendants in an action brought by plaintiff Anna J. Clark, the real party in interest herein.

Arthur H. Clark died testate, a resident of the city of Honolulu, State of Hawaii, on October 1, 1960. His will was admitted to probate in the Circuit Court of the First Circuit in Hawaii. At the time of his death, decedent owned real property in the State of California, and his will was also admitted to probate in this state. Arthur H. Clark and Anna J. Clark were married in Massachusetts in 1913 and divorced in California in 1947. The complaint filed by Anna J. Clark on March 9, 1961, and subsequent to the death of Arthur H. Clark, alleged that during the marriage the spouses had accumulated through their joint efforts a substantial amount of property; that neither the interlocutory nor final judgment of divorce made any reference to common properties; and that its market value at the time of the divorce was in excess of $200,000; that the property had not been disposed of. The prayer was for injunctive relief and to prevent disposition of the property, to establish a constructive trust, for an accounting and for declaratory relief, on the ground that the property had been accumulated by them during the marriage, and was community property, and that plaintiff is entitled to a one-half interest therein.

Petitioner appeared in said action and in its answer, among other things, denied the existence of any common property, and set up various special defenses, including the statute of limitations, res judicata, laches and estoppel. Petitioner alleges in its petition for a writ that in the course of its duties as coadministrator it began an investigation to determine whether any witnesses were still alive or available to testify as to the property owned by the decedent in Massachusetts and thereafter brought to California; and had discovered the existence of one Stanley H. Farrington, an aged person of some 80

*Assigned by Chairman of Judicial Council.

years, who had been a business partner of the decedent and familiar with the property in that state owned by him and that to petitioner's knowledge, Farrington is the only living witness who can testify to such facts.

In the principal action motion was made pursuant to section 2024, Code of Civil Procedure, for a commission to take, upon oral interrogatories, the deposition of Farrington. In support of its motion, counsel for petitioner filed its affidavit alleging that among other things Farrington was a material witness; and without the benefit of his testimony, defendant could not safely proceed to the trial; that Farrington resides in the village of Glen Cove, in the State of Maine; that "[t]he testimony of said Stanley H. Farrington will be material because there is a dispute as to the character of the property involved and the said witness can state what property the decedent owned prior to coming to the State of California."

Objection was made by real party in interest to the motion on the ground that the moving party had failed to indicate with sufficient specificity in what manner the testimony of Mr. Farrington would be reasonably calculated to lead to the discovery of admissible evidence, the proposed deponent's knowledge of the affairs of and his relationship to the decedent, or the facts, of his own knowledge, to which he will testify respecting the "property the decedent owned prior to coming to the State of California"; that without such information counsel for the real party in interest would be unable to conclude whether to appear at the deposition, employ counsel in Maine, or whether to move for deposition on written interrogatories, pursuant to Code of Civil Procedure, section 2025.

The objections were sustained by the trial court on the principal ground "that a motion for a commission to take the deposition of a witness in another state will not be granted as of course without at least a prima facie showing of good cause. Whether such a motion should be granted or denied rests in the sound discretion of the court. (*Moran* v. *Superior Court*, 38 Cal.App.2d 328, 334 [100 P.2d 1096].) Where no showing is made as to the nature of the testimony to be obtained, the court cannot determine whether the taking of such deposition was necessary. In such a case, a motion for the issuance of a commission should be denied. (*Chapman* v. *Tarentola*, 187 Cal.App.2d 22, 27 [9 Cal.Rptr. 228].)"

■■■ It is established that a litigant has the right to take a proper deposition, and to receive responsive answers to

proper questions (*I.E.S. Corp.* v. *Superior Court,* 44 Cal.2d 559 [283 P.2d 700]; *Tatkin* v. *Superior Court,* 160 Cal.App. 2d 745 [326 P.2d 201]) for the purposes of discovery or for use as evidence, or for both purposes (Code Civ. Proc., § 2016). The deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. (Code Civ. Proc., § 2016, subd. (b).) It is not grounds for objection that the testimony will be inadmissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. (Code Civ. Proc., § 2016, subd. (b).) ██ Discovery statutes are to be liberally construed in favor of disclosure. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Carlson* v. *Superior Court,* 56 Cal.2d 431 [15 Cal. Rptr. 132, 364 P.2d 308].) Quoting from 1 De Meo, California Deposition and Discovery Practice, paragraph 2.26, pages 79-80, "Since the matters in dispute between the parties are not as well determined at discovery examinations as at the trial, courts of necessity must follow a more liberal standard as to relevancy. The scope of examination should not be limited unless the information sought is clearly privileged or irrelevant, and inquiry should not be limited to matter relevant only to the precise issues presented by the pleadings."[4]

To prevent abuse of the deposition and discovery procedures, provision has been made in section 2019, subdivision (b)(1), Code of Civil Procedure, for the issuance of protective orders. This section reads in part: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than stated in the notice, or that it shall not be taken except by allowing written interrogatories by one or more parties, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, . . . or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs

---

[4]The same statement appears in 4 Moore's Federal Practice, 1065-1066, discussing the scope of examination under the federal rules.

██

and expenses, including attorney's fees, as the court may deem reasonable.''

Paragraph (d) of section 2020 reads: ''After the service of interrogatories and prior to the taking of the testimony of the deponent, the court in which the action is pending, on motion promptly made by a party or a deponent, upon notice and good cause shown, may make any order specified in Section 2019 of this code which is appropriate and just or an order that the deposition shall not be taken before the officer designated in the notice or that it shall not be taken except by allowing oral examination by one or more parties.''

█ In the recent case of *Carlson* v. *Superior Court, supra,* 56 Cal.2d 431, 437-438, our Supreme Court in passing upon the language stated: ''There is no question but that the discovery statutes give to the trial court wide discretion in making such orders as may be necessary to protect parties and deponents from abuse or misuse of depositions (*Greyhound Corp.* v. *Superior Court, supra, ante,* p. 865). █ But the court's power to order 'that the deposition shall not be taken, or that it may be taken only' at some other time or place, or in some other manner than as proposed, or that scope of the questions be limited or controlled in certain specified manners, is not unlimited. Section 2019 of the Code of Civil Procedure provides that the discretion thus conferred on the court may be exercised only upon a showing of good cause . . . The very language of the statute thus limits the discretion which it has created to situations wherein good cause has been shown, or where justice requires the exercise of that discretion. In *Singer* v. *Superior Court,* 54 Cal.2d 318 [5 Cal.Rptr. 697, 353 P.2d 305], which involved the propriety of an order which sustained a refusal to answer interrogatories, the court also discussed section 2019, subdivision (b)(1), here involved. It was held (at p. 327) that while the trial court had a wide discretion in the premises, there can be no room for the exercise of such discretion if no ground exists upon which it might operate.''

A denial of the taking of a deposition at all is, of course, the ultimate in protective orders. On this point we find appropriate the following comment in 4 Moore's Federal Practice, 2005-2027, in connection with rule 30(b) of the Federal Rules of Civil Procedure of which said section 2019, subdivision (b)(1) is a counterpart. █ ''In view of the unlimited right of discovery given by Rule 26, situations will

seldom arise where an order that the deposition shall not be taken will be appropriate. Such an order may not be made except for 'good cause', and a strong showing is required before a party will be denied entirely the right to take a deposition.''

In the instant proceeding, it appears from the written memorandum of decision filed by the trial judge that the burden to show good cause was placed upon the petitioner for the taking of the deposition rather than upon the real party in interest who is objecting thereto and seeking the protective order. We find no requirement of statutory or case law for such construction. The statutes specifically provide (Code Civ. Proc., § 2029) that the provisions of sections 2016, 2018, 2019, 2020 and 2021, all relating to the taking of depositions of residents, are applicable to depositions taken out of the state, except as otherwise specifically provided in sections 2024 to 2028 inclusive. The main distinctions between the two are procedural only, providing for the issuance of a commission upon order of the court, upon previous notice to the other party (Code Civ. Proc., §§ 2024, 2025, 2026).

Although the party initiating the proceeding has a choice of designating that the deposition be taken on either oral examination, or upon written interrogatories, it is evident that the trial court is vested with discretion, after hearing, to direct whether the interrogatories are to be written or oral. (*Hoge* v. *Lava Cap Gold Mining Corp.*, 55 Cal.App.2d 176, 178 [130 P.2d 470]; *Hopkins* v. *Superior Court*, 105 Cal.App. 133 [286 P. 1053].) In exercising such discretion, among others, elements of convenience and expense properly may be considered.

We conclude that the allegations of the affidavit although not containing all of the statements alleged in the petition for writ, was nevertheless reasonably sufficient to have enabled the respondent court, after hearing, to grant the issuance of a commission. It is true that the statutes repose wide discretion in the trial court in the making of protective orders. This discretion is not illimitable and will not be upheld when, without good cause, the right to take the deposition is denied completely, in view of other protective orders which the court is authorized by statute to make. (*Carlson* v. *Superior Court, supra*; *Greyhound Corp.* v. *Superior Court, supra*.)

■ In *Moran* v. *Superior Court*, 38 Cal.App.2d 328, 334 [100 P.2d 1096], the court stated: "The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. (*Pollak* v. *Superior Court*, 197 Cal. 389 [240 P. 1006].) That opportunity, under some circumstances, might prevent a miscarriage of justice."

■ Mandamus is the proper proceeding to require the issuance of a commission to take testimony out of the state (*Moran* v. *Superior Court, supra*; *San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30 [99 P. 359, 17 Ann.Cas. 933]) and to enforce a proper discovery right (*Carlson* v. *Superior Court, supra*; *Singer* v. *Superior Court, supra*, 54 Cal.2d 318; *Dowell* v. *Superior Court*, 47 Cal.2d 483 [304 P.2d 1009]).

The writ of mandamus is granted and the court is directed to issue the commission to take testimony as prayed for. Petitioner is awarded costs.

Ford, J., concurred.

SHINN, P. J.—I concur in the judgment. It appears to me that the trial judge was so concerned with the abstractions of procedure that he lost sight of the substance of what was before him. The question was simplicity, itself. Mrs. Clark was suing the representative of the estate of her deceased former husband to establish an interest in what she claimed was common or community property. Defendants, in resisting her claims, had a duty to produce all available evidence which tended to prove that portions of the property in question, or all of it, was the separate property of Mr. Clark.

It was shown to the trial judge that Mr. and Mrs. Clark had come to California from Massachusetts, where they had accumulated property; Stanley H. Farrington, "can state what property the decedent owned prior to coming to the State of California"; Farrington resides in Maine and his testimony will be material as to the character of the property involved.

Upon the showing made, which was not controverted, there was no latitude of discretion in the trial judge in ruling upon the application to take the deposition of Farrington.

The defendants had as clear a right to obtain his testimony by deposition as they would have had to subpoena him as a witness if he had been within the jurisdiction.

On October 10, 1961, the opinion and judgment were modified to read as printed above.